IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>Tessemae's LLC,<br><br>      Debtor.<br><br>DEMOCRACY CAPITAL CORPORATION,<br><br>      Movant,<br><br>v.<br><br>TESSEMAE'S LLC,<br><br>      Respondent. | (Chapter 11)<br><br>Case No. 23-10675(NVA) |

**MOTION FOR RELIEF FROM STAY TO ALLOW STATE COURT ACTION TO PROCEED TO JUDGMENT AND FOR DEFENSE OF COUNTERCLAIM AND RELATED RELIEF**

Democracy Capital Corporation ("Democracy"), by its attorneys Joyce A. Kuhns and Offit Kurman, P.A., respectfully submits this Motion for Relief from Stay to Allow State Court Action to Proceed to Judgment and for Defense of Counterclaim and Related Relief ("Motion"), and, in support, states:

        **I.  JURISDICTION AND VENUE**

  1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

  2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  3.  This matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b).

  4.  The statutory predicate for the relief requested herein is 11 U.S.C. §§ 362(d) and 105(a).

## II.     BACKGROUND

**A.  The Loan.**

5.     In early 2018, Tessemae's LLC ("Tessemae's") needed financial rescue. At that time, there were nearly 20 discrete matters of pending and threatened litigation against Tessemae's with a combined total of over $2,000,000 in dispute. Tessemae's also had over $4,100,000 due and owing to vendors and suppliers, of which over $2,900,000 was more than 90 days overdue. It was on the verge of being sued by several of its Members and had admitted committing various breaches of the terms of its senior secured financing from Howard Bank. In desperate need of a lifeline, Tessemae's requested a multimillion-dollar loan from Democracy.

6.     Democracy and Tessemae's agreed to a modification of certain Howard Bank loans to Tessemae's that consolidated and increased the combined principal amounts of those loans to $3,000,000 (as consolidated, the "Loan"), and the modified terms of the Loan were evidenced by the Second Amended and Restated Loan and Security Agreement dated April 10, 2018 (the "Loan Agreement"), and the Consolidated, Amended and Restated Promissory Note (the "Note") dated April 10, 2018 from Tessemae's to the order of Democracy in the principal amount of $3,000,000.

7.     Gregory and Genevieve Vetter (the "Vetters") entered into an absolute, unconditional Guaranty of all obligations to Democracy under the Loan Agreement on April 10, 2018 (the "Guaranty").

8.     A true and correct copy of the Loan Agreement is attached this Motion as **Exhibit ("Ex.") 1**.

9. Democracy duly perfected its first priority security interests under the Loan in substantially all of Tessemae's assets with the filing of a UCC Financing Statement on April 11, 2018. A true and correct copy of the UCC-1 is attached to the Motion as **Ex. 2**.

10. A true and correct copy of the Note is attached to this Motion as **Ex. 3**.

11. The Note provides that, upon maturity, Tessemae's must pay an exit fee equal to $7,500,000 (the "Exit Fee") or, if certain conditions were satisfied and no default existed, Tessemae's could issue a warrant, providing, among other things, the holder the right to receive a 5.00% ownership interest in Tessemae's, with a minimum value of $7,500,000, senior in all respects to other equity. *See* **Ex. 3**, §1.

12. Following numerous defaults and despite Democracy's fruitless efforts to work with Tessemae's to resolve these breaches Democracy sent a formal notice of default to Tessemae's on February 21, 2020.

13. The Loan matured on April 10, 2020. Tessemae's has never delivered to Democracy either the Exit Fee or a warrant that was duly authorized or that satisfied the terms of the Note.

**B. The State Court Action.**

14. On November 11, 2020, Democracy filed a Complaint for Confessed Judgment against Tessemae's under the Note and against the Vetters under the Guaranty in the Circuit Court for Baltimore County, Maryland (the "State Court"), commencing case no. C-03-CV- 20-004048 (the "State Court Action")[1]. A Confessed Judgment was entered against all defendants on November 12, 2020.  Subsequently a Motion to Vacate Confessed Judgment as to all defendants was filed in the State Court Action, which was granted by order dated May 10, 2022.

---

[1] The docket for the State Court Action can be found at: https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseID=C03CV20004048&loc=55&detailLoc= ODYCIVIL

15. Democracy filed an Amended Complaint in the State Court Action on July 8, 2022. Defendants filed Answers on August 12, 2022.

16. On September 1, 2022, Democracy filed a Motion for Summary Judgment against all defendants in the State Court Action predicated on certain defaults under the Loan Agreement and Guaranty, which was opposed and denied following argument in open court on December 19, 2022. At the December 19, 2022 hearing, having been advised by Democracy of certain additional and recently-discovered defaults under the Loan Agreement, presiding Judge Truffer directed Democracy to file a Second Amended Complaint if it intended to pursue a second Motion for Summary Judgment.

17. Thereafter, on September 27, 2022, Tessemae's and the Vetters filed a Counterclaim and Prayer for Jury Trial against Democracy. A copy of the Counterclaim is attached to this Motion as **Ex. 4**. The Counterclaim has four counts: Breach of Contract (Count I); Breach of Contract Bad Faith (Count II); Defamation (Count III); and Intentional Interference with Business Relationships (Count IV). Democracy filed a Motion to Dismiss Counterclaim and Memorandum in Support on October 24, 2022. Tessemae's filed an Opposition to the Motion to Dismiss on November 8, 2022. Copies of the Motion to Dismiss and Memorandum in Support and the Opposition of Tessemae's are attached to this Motion as **Consolidated Ex. 5**.

18. On December 23, 2022, Democracy filed a Second Amended Complaint in the State Court Action, along with a Second Motion for Summary Judgment (the "MSJ"). A true and correct copy of the Second Amended Complaint (without exhibits) is attached to this Motion as **Ex. 6**.

19. The MSJ was argued and fully briefed on an expedited basis in early January, which seeks in excess of $13,000,000.00 as a money judgment against Tessemae's and the

Vetters. True and correct copies (without exhibits) of the Second Motion for Summary Judgment, Opposition, Supplemental Opposition, Motion to Strike Supplemental Opposition, and Opposition to Motion to Strike are attached to this Motion as **Consolidated Ex. 7**[2].

20. The MSJ is predicated on, among other things, Tessemae's failure to obtain the prior written consent of Democracy to approximately $20,000,000.00 of additional loan debt Tessemae's incurred after April 10, 2018 in contravention of the express requirement in Section 6.6 of the Loan Agreement and to obtain a written subordination agreement with respect to such prohibited additional indebtedness in form and substance acceptable to Democracy in its sole discretion as mandated by Section 5.4 of the Loan Agreement. The defaults are evidenced by multiple lawsuits with accompanying summary judgment motions, under affidavit, filed in the Circuit Court for Baltimore County in late November and early December 2022 against Tessemae's by multiple defaulted lenders. It is significant that Tessemae's opted to defend <u>none</u> of the other lender lawsuits. *See* **Consolidated Ex. 7**, MSJ ¶ 20.

21. Judge Truffer took the MSJ under advisement, and deferred argument on the Counterclaim until after his ruling on the MSJ, which he observed might resolve the Counterclaim as the counts are predicated on the absence of default by Tessemae's under the Loan Agreement.

22. First sets of interrogatories and requests for production of documents have been propounded by Democracy to the defendants in the State Court Action, which have largely been objected to by the receiving parties. No further action has been taken with respect to discovery.

---

[2] The Loan Agreement includes a non-merger clause permitting Democracy to exercise remedies cumulatively or in succession. *See* **Ex. 1**, 7.2.d. In reliance on the non-merger clause, Democracy reserved the right in the MSJ to defer recovery of default interest, late charges, attorneys' fees, and other charges to another date and/or a separate matter to minimize the prospect of factual disputes. *Id.,* MSJ ¶ 59.

**C. Bankruptcy Case**.

23. Apparently, to forestall a potentially adverse ruling in the State Court Action, on February 1, 2023, Tessemae's filed its voluntary Petition under Chapter 11 of the Bankruptcy Code, commencing this bankruptcy case (the "Bankruptcy Case"). The filing of the Bankruptcy Case invoked the automatic stay of Section 362(a) as to the State Court Action against Tessemae's only.

24. Nonetheless, on February 6, 2023, Tessemae's filed a Suggestion of Bankruptcy in the State Court Action asserting that the State Court Action itself was stayed as a result of the Tessemae's Bankruptcy Case. A copy of the Suggestion of Bankruptcy is attached to this Motion as **Ex. 8**.

25. On February 6, 2023, an Interim Order (I) Authorizing and Approving Postpetition Secured Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, (III) Authorizing Use of Cash Collateral, (IV) Modifying the Automatic Stay, and (V) Scheduling Interim and Final Hearings (the "Interim Order") was entered in the Bankruptcy Case [ECF No. 29] authorizing, on an interim basis, the terms and conditions of a DIP Credit Facility in favor of TESSE DIP FUND I, LLC.

26. A Final Order (I) Authorizing and Approving Postpetition Secured Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, and (III) Authorizing Use of Cash Collateral (the "Final Order") entered in the Bankruptcy Case on February 16, 2023 [ECF No. 48] authorizing the terms and conditions of final DIP financing in favor of TESSE DIP FUND I, LLC.

27. Both the Interim Order and Final Order recognize the first priority lien of Democracy pending the determination by a court of competent jurisdiction as to amount of the

underlying debt Tessemae's owes Democracy and the validity of its lien priority. *See* ECF No. 29 at ¶¶ 2.1.1, 2.1.2, and 2.2; ECF No. 48 at ¶¶ 2.1.1, 2.1.2, and 2.2. A determination of the debt owed Democracy and its lien position is critical to resolution of this Bankruptcy Case[3].

28. On February 9, 2023, Tessemae's filed an Adversary Proceeding in this Court [ECF No. 39], assigned Adversary Case No. 23-00039 (the "Adversary Proceeding"). The Adversary Proceeding essentially mirrors the Counterclaim in the State Court Action (with the exception of Count III to the Adversary Proceeding – Avoidance of Incurrence of Debt as Fraudulent Pursuant to 11 U.S.C. §§ 544 and 550). Counts I-II and IV-VI of the Adversary Proceeding will fail if the State Court judge finds Tessemae's defaulted under the Loan Agreement by incurring millions of dollars of loan debt to other lenders in violation of the Loan Agreement as asserted in the pending MSJ.

### III.  Relief Requested

29. This Motion seeks relief from the stay of Section 362(a) of the Bankruptcy Code to allow the State Court, the only court with jurisdiction over all parties in the State Court Action, to proceed to judgment on the pending MSJ and to hear argument and to rule on the pending Counterclaim and Democracy's defenses thereto, which ruling may dispose of substantially all counts under the Adversary Proceeding. Movant also seeks a finding from the Court that the automatic stay of Section 362(a) which was invoked by the filing of the Petition in this Bankruptcy Case does not stay the State Court Action including the Counterclaim, as to non-debtors Gregory and Genevieve Vetter. If the relief requested is granted, Movant also asks the

---

[3] In the event the stay is lifted and the State Court rules in favor of Democracy on the MSJ and dismisses the Counterclaim, Democracy will pursue the judgment amount and all amounts reserved, as set forth in footnote 1, in the Bankruptcy Case. In the event the stay is lifted and the State Court denies the MSJ and/or the Motion to Dismiss Counterclaim, Democracy will assert the full amount due it under the Loan Agreement in the Bankruptcy Case, which amount exceeded $14,000,000.00 on the Petition Date.

7

Court to consider staying the Adversary Proceeding under Section 105 of the Bankruptcy Code pending a ruling by the State Court on the MSJ and Counterclaim and defenses.

30. Section 362(d) of the Bankruptcy Code, provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause ...
> ...
>
> 11 U.S.C. § 365(d)(1).

31. In *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992), the Fourth Circuit held that the factors courts should consider in deciding whether to lift the automatic stay for cause to proceed with pending litigation include: (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." *Id.*; *see also Friolo v. Frankel (In re Frankel)*, No. 11–34158–TJC, 2013 WL 312872 (Bankr. D. Md. Jan. 25, 2013) (recognizing that the "proper analytical framework for the resolution of the motion [to lift the automatic stay] is set forth in *Robbins*"). Movant will address each of the *Robbins* factors below.

32. Factor 1 is fully satisfied as all issues in the MSJ and Counterclaim as outlined above are predicated on state law causes of action, without exception. Thus, the special expertise of this Court is not needed.

33. Factor 2 is also fully satisfied. The pending MSJ was fully briefed and argued on an expedited track in January 2023. Fully aware of the danger of and prejudice to Democracy of the imminent entry of multiple summary judgment motions in favor of other defaulted lenders, and accordingly having acquiesced in an expedited briefing and hearing schedule, the State Court was prepared to rule expeditiously on the nature of Tessemae's defaults and the extent of the debt Tessemae's owed Democracy under the Loan Agreement. Judicial economy is thus best served if the automatic stay is modified to allow the State Court judge who is most familiar with the facts, the law, and pertinent record and the only judge with jurisdiction over all defendants to rule on the MSJ and hear argument and rule on the Counterclaim. Furthermore, the issue of the extent of Tessemae's debt and the priority and extent of Democracy's lien are integral to the progression and resolution of this Bankruptcy Case and can be resolved most timely and at the least expense before the State Court. As evidenced by Tessemae's need for DIP financing, cash is scarce in this Bankruptcy Case. Redoing State Court litigation through a new Adversary Proceeding which largely mirrors causes of action pending in the State Court Action is an unjustifiable waste of time and diversion of money and is highly prejudicial to creditors and the estate. If stay relief is granted and the State Court is allowed to rule, Movant believes the only issue that will remain for the Bankruptcy Court to resolve will be the fraudulent transfer count in the Adversary Proceeding, which Movant maintains is time-barred. In short, Movant maintains there is substantial benefit and no prejudice to the Debtor or the estate if the requested relief is granted.

34. Factor 3 has been addressed by the proposed order attached to this Motion which only permits enforcement of any judgment against Tessemae's and its assets in this Court.

35. Accordingly, for all these reasons, the *Robbins* factors have been fully met and cause exists to grant relief from the stay under 11 U.S.C. § 362(d)(1), as requested.

WHEREFORE, Democracy Capital Corporation requests that the Court enter an Order: (a) modifying the stay to allow the State Court Action to proceed to judgment only; (b) modifying the stay to allow the State Court to consider argument and rule on the Counterclaim and defenses; (c) finding that the automatic stay in the Bankruptcy Case does not extend to non-debtors, Gregory and Genevieve Vetter and the State Court Action is not thereby stayed to the Vetters; and (d) granting such other relief as it deems just, including staying the Adversary Proceeding until the State Court rules on the MSJ and Counterclaim and defenses.

Dated: February 22, 2023

/s/ Joyce A. Kuhns
Joyce A. Kuhns, Esq. (03979)
OFFIT KURMAN, P.A.
300 E. Lombard Street, Suite 2010
Baltimore, Maryland 21202
Telephone: 410-209-6463
Facsimile:  410-209-6435
Jkuhns@offitkurman.com

*Counsel for Movant Democracy Capital Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of this Motion for Relief from Stay to Allow State Court Action to Proceed to Judgment and for Defense of Counterclaim and Related Relief will be served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| J. Dan Ford, Assistant U.S. Trustee<br>Office of the United States Trustee<br>101 West Lombard Street, Suite 2625<br>Baltimore, MD 21201<br>j.dan.ford@usdoj.gov | Hugh M. Bernstein, Assistant U.S. Trustee<br>Office of the United States Trustee<br>101 West Lombard Street, Suite 2625<br>Baltimore, MD 21201<br>hugh.m.bernstein@usdoj.gov |
| Kimberly A. Manuelides, Esq.<br>Sagal, Filbert, Quasney & Betten, P.A.<br>600 Washington Avenue Suite 300<br>Towson, Maryland 21204<br>kmanuelides@sagallaw.com | Gary H. Leibowitz, Esquire<br>Cole Schotz<br>300 East Lombard Street<br>Baltimore, Maryland 21202<br>gleibowitz@coleschotz.com |
| C. Kevin Kobbe, Esquire<br>DLA Piper LLP (US)<br>6225 Smith Avenue<br>Baltimore, Maryland 21209<br>kevin.kobbe@us.dlapiper.com | Lawrence A. Katz<br>Hirschler Fleischer<br>1676 International Drive, Suite 1350<br>Tysons, VA 22102-0000<br>lkatz@hirschlerlaw.com |
| Richard L. Costella<br>Tydings & Rosenberg LLP<br>One E. Pratt Street, Suite 901<br>Baltimore, MD 21202<br>rcostella@tydings.com | |

I FURTHER CERTIFY that on February 22, 2023, a copy of the Motion was served via First-Class mail, postage prepaid, on the parties listed on the attached service list.

I CERTIFY the foregoing statements are made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## SERVICE LIST

| | |
|---|---|
| PMCDTESSE, LLC and MCDJR-TESSE, LLC<br>c/o Richard L. Costella, Esq.<br>Tydings & Rosenberg LLP<br>One East Pratt Street, Suite 901<br>Baltimore, MD 21202 | CE CID LLC<br>2410 Evergreen Road<br>Gambrills, MD 21054 |

| | |
|---|---|
| LEC LLC<br>845 E. Heartstrong St.<br>Superior, CO 80027 | Jupiter Fund LLC<br>102 W. Pennsylvania, Suite 100<br>Towson, MD 21204 |
| Peter R. McDermott<br>1 Pond Dr.<br>Englewood, CO 80113 | Robert F. McDermott<br>4455 South Holly Street<br>Cherry Hills Village, CO 80111 |
| Clearview Group<br>Attn: Brian Davis<br>11155 Red Run Blvd., Suite 410<br>Owings Mills, MD 21117 | Vetter Brothers Manufacturing, LLC<br>Attn: Brian Vetter<br>595 Owensville Road<br>West River, MD 20775 |
| K2 Trust, LLC<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 | Fleet Street Club III L.P.<br>11770 US Highway 1, Suite 503<br>Palm Beach Gardens, FL 33408 |
| Benjamin H. Griswold IV<br>901 S. Bond St., Suite 400<br>Baltimore, MD 21231 | David Charles Moran<br>375 W. Royal Flamingo Dr.<br>Sarasota, FL 34236 |
| GP Stamas Family Trust<br>8 Waterbury Court<br>Baltimore, MD 21212 | Tenacious Adventures<br>Attn: Kipp Lasseter<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 |
| M&C Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 | C&J Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 |
| John Ege<br>100 St. Paul St., Suite 800<br>Denver, CO 80206 | Scott Carmel<br>110 Venetian Way<br>Dildo Island<br>Miami Beach, FL 33139 |
| Christina Pagano<br>14 Lost Run Trail<br>Zionsville, IN 46077 | Brown, Goldstein & Levy, LLP<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, MD 21202 |
| Altus Receivables Management, Trust Account<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062 | Falling Green Capital LLC<br>3718 Falling Green Way<br>Mount Airy, MD 21771 |
| Donald McDonald<br>2180 Royal Oaks Dr.<br>Rockledge, FL 32955 | Deborah Grove Living Trust<br>Attn: Deborah M. Grove<br>5936 Elmer Derr Rd.<br>Frederick, MD 21703 |
| AIS Portfolio Services, LLC, Ally Bank Dept.<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | Altus Receivables Management<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062 |

Date: February 22, 2023                    /s/ Joyce A. Kuhns
                                                                           Joyce A. Kuhns, Esq. (03979)