IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>Tessemae's LLC,<br><br>　　　　　Debtor.<br><br>DEMOCRACY CAPITAL CORPORATION,<br><br>　　　　　Movant,<br><br>v.<br><br>TESSEMAE'S LLC,<br><br>　　　　　Respondent. | (Chapter 11)<br><br>Case No. 23-10675(NVA) |

**GREGORY AND GENEVIEVE VETTER'S OPPOSITION TO DEMOCRACY CAPITAL CORPORATION'S MOTION FOR RELIEF FROM STAY AND STATEMENT IN SUPPORT OF DEBTOR'S OPPOSITION**

Gregory and Genevieve Vetter (the "Vetters"), by the undersigned counsel, respectfully submit this Opposition to Democracy Capital Corporation's Motion for Relief from Stay (the "Motion") and Statement in Support of Debtor's Opposition, and in support thereof states as follows:

**THE MOTION**

Democracy Capital Corporation ("Democracy") has moved for an order of this Court to modify the automatic stay of 11 U.S.C. §362, allowing it to, among other things, obtain a judgment in a pre-petition state court action. Dkt. 51. Democracy further requests an order of this Court determining that the automatic stay of §362 does not extend to the Vetters. *Id.*

The Debtor has filed an Opposition and Memorandum in Support of Opposition to Motion For Relief from Stay and the Vetters adopt each of the arguments outlined therein as if fully set forth herein. Dkt. #73, 74.

## **FED.R.BANKR.P. 4001 & LOCAL BANKRUPTCY RULE 4001-1**

Federal Rule of Bankruptcy Procedure 4001 provides that a motion for relief from the automatic stay "shall be made in accordance with Rule 9014." Fed.R.Bankr.P. 4001. Rule 9014 provides that a motion concerning a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed.R.Bankr.P. 9014. As evidenced by the certificate of service attached to the Motion, the Vetters were not properly served with the Motion under Rules 4001 and 9014. Dkt. 51, p. 11, nor are they even identified as defendants in the Motion's caption.

Local Bankruptcy Rule 4001-1 provides that a motion for relief from stay "may not be combined with a request for any other relief, except for adequate protection or for relief from the co-debtor stay under 11 U.S.C. §1201 or §1301(a)." Local Bankruptcy Rule 4001-1. Contrary to this rule, Democracy asks this Court for an order determining that the automatic stay of §362 does not extend to the Vetters. The motion should be denied as to the relief it seeks against the Vetters.

## **11 U.S.C. §362(d)(1): No Cause Exists to Lift the Stay**

Additionally, Democracy argues it is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) "for cause." Dkt. 51, ¶30-34. The Fourth Circuit has set forth several factors constituting 'cause' under §362(d)(1), including:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

An analysis of these factors shows that cause does not exist to lift the stay. First, this matter does not only involve state law. The Debtor has instituted an adversary proceeding against Democracy for (1) a determination of the validity, priority, or extent of lien under 11 U.S.C. §506(d); (2) an objection to the allowance of claim pursuant to Fed.R.Bankr.P. 3007; (3) avoidance pursuant to 11 U.S.C. §§544 and 550; (4) equitable subordination under 11 U.S.C. §510(c); (5) monetary damages for breach of contract and intentional interference with business relations. Adv. No. 23-00039 (the "Adversary"). The matters at issue in the Adversary are an expansion of those pending in the state court action described in the Motion. Of the issues addressed in the Adversary, the overwhelming majority of them implicate the Bankruptcy Code and Rules. The Bankruptcy Court has exclusive jurisdiction over matters concerning the administration of the estate, the allowance or disallowance of claims against the estate, counterclaims by the estate against creditors, turnover actions involving property of the estate, and determinations of the validity, extent, and priority of liens. In other words, the Bankruptcy Court has exclusive jurisdiction to hear the dispute between Debtor and Democracy. 28 U.S.C. §1334; 28 U.S.C. §157.

Second, modifying the stay would not promote, but would thwart, judicial economy. Modifying or lifting the stay would result in litigation in both the Bankruptcy Court and the Circuit Court with the potential for conflicting results and added expenses for all parties. Resolving the matters set forth in the Adversary are a threshold issue for this Court to determine, especially before Democracy can proceed against the Vetters as guarantors. Simply put, if it is determined that Debtor has no liability to Democracy, there is no liability to collect from the guarantors. Because the existence of Democracy's claim against the Debtor is in question, it would be the Debtor defending any litigation against the Vetters given the contested issues over Democracy's claim.

Likewise, allowing Democracy to pursue the Vetters is a threat to the Debtor's reorganization, which further fails to promote judicial economy. Resolution of the Adversary is an essential issue for the Court to determine before the Debtor can formulate its plan of reorganization both because Debtor requires resolution of its dispute with Democracy, and because the resolution of that dispute has implications as to any claim the Vetters may have against Debtor.

To further illustrate this point, if Democracy is allowed to pursue and collect from the Vetters, they will have a resulting claim against the Debtor pursuant to §502(e) and under Maryland law for, among other things, a contribution claim. See *Lerman v. Heemann*, 701 A.2d 426 (Md. 1997); Md. Rule 2-614. However, the determination of the Vetters' claim against the Debtor is not possible until the conclusion of the pending adversary proceeding against Democracy. The Guaranty Agreement executed by the Vetters contains a subordination agreement in paragraph 4.3 which prohibits them from making any claim against the debtor as long as monies are owed under the guaranteed obligation. In other words, the Vetters cannot finalize their claim[1] against the Debtor (and in turn the Debtor cannot formulate a plan of reorganization) until the extent and validity of the debt owed to Democracy is determined.

Here, Mr. Vetter is the chief executive officer of the Debtor and is vital to virtually every aspect of the Debtor's reorganization. Courts have extended the stay to nondebtor third parties who are in similar executive positions as Mr. Vetter, where stay protection is essential to the debtor's efforts of reorganization. *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997); *citing In re Lazarus Burman Associates,* 161 B.R. 891, 899–900 (Bankr.E.D.N.Y.1993) (enjoining guaranty actions against nondebtor principals of debtor partnerships because principals were the only persons who could effectively formulate, fund, and

---

[1] Notwithstanding, the Vetters reserve all rights to file proofs of claim in the Debtor's case.

4894-3554-7989, v. 1

carry out debtors' plans of reorganization); and *In re Steven P. Nelson,* 140 B.R. 814, 816–17 (Bankr.M.D.Fla.1992) (enjoining actions against nondebtor guarantor of debtor corporation's obligations where guarantor was president of the debtor and president's services, expertise and attention were essential to the reorganization of the debtor).

Third, the estate cannot be protected by limiting enforcement because similar to the second factor, there is still a likelihood of conflicting results if forced to litigate the issues in both the Bankruptcy Court and the Circuit Court. Debtor is the real party defendant to any action by Democracy to determine the amount it is owed. As explained below, this is prohibited under *A.H. Robins* and its progeny. The Vetters are merely ancillary third parties who have guaranteed the Debtor's obligations, but would not be liable for more than the enforceable claim against the Debtor. The obligations of the Debtor must be determined before allowing Democracy to pursue the Vetters. Otherwise, a judgment against the Vetters is a finding against the Debtor which otherwise circumvents this Court's jurisdiction to make those determinations in the Adversary proceeding.

And finally, relief from the stay is improper as to Gregory Vetter because the Debtor has contractually indemnified Gregory Vetter against any losses he suffers that relate to a final judgment or collection by Democracy in connection with his guaranty of the Democracy indebtedness owed by the Debtor. As a Member of the Debtor and its Chief Executive Officer, the Debtor has an absolute contractual obligation to indemnify Gregory Vetter. Section 18 of the Operating Agreement provides that the Debtor indemnifies each officer for payments for all "claims, actions, and demands" against the debtor. Given this indemnification, it is clear that protection of the automatic stay to third-party non-debtors is available here because it "…arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will

in effect be a judgment or finding against the debtor. ***An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor*** on account of any judgment that might result against them in the case. To refuse application of the statutory stay, in that case, would defeat the very purpose and intent of the statute." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also*, *In re Plan 4 Coll., Inc.*, No. 09-17952DK, 2009 WL 3208285, at *2 (Bankr. D. Md. Sept. 24, 2009) (if litigation against nondebtor parties with rights of indemnity against a debtor place parties in real danger of inconsistent outcomes, grounds may exist for expanding the automatic stay).

This further substantiates that the Vetters could have a claim against the Debtor if Democracy were allowed to pursue the state court action, but that resolution of the Adversary is essential to that determination. Each of these issues creates an identity between the Debtor and the Vetters, such that any determination and collection of the guaranty claim by Democracy against the Vetters will have a material adverse effect on the Debtor's Adversary and its reorganization. Judicial economy weighs heavily against lifting the stay.

## Under §362(a) and *A.H. Robins*, the Automatic Stay Applies to the Vetters

As the Fourth Circuit has acknowledged, actions "against officers or employees of the debtor who may be entitled to indemnification…are to be stayed under §362(a)(3)." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1001-1002 (4th Cir. 1986). Indemnification is one "unusual situation" as contemplated by the Fourth Circuit, where the automatic stay is recognized to apply to non-debtor third parties. *Id.*

The *A.H. Robins* court found four separate pathways to extending stay protection to third-party litigants: (1) §362(a)(1), for situations where a debtor and nondebtor are "so bound by statute or contract that the liability of the nondebtor is imputed to the debtor," which includes situations of an absolute indemnification as is present with Mr. Vetter (*Id.* at 999); (2) equitable

grounds, finding that the possibility of inconsistent judgments against the parties is grounds to extend the stay to nondebtors (*Id.* at 1000) (3) §105 general equitable powers and (4) "inherent power of courts under their general equity powers and in the efficient management of dockets" as conferred by 28 U.S.C. §1334. *Id.* at 1003.

Here, all four pathways are available for denying Democracy's request to lift the automatic stay to resume state court litigation against the Debtor and the Vetters on the very same causes of action that are being pursued in the Adversary. Because Mr. Vetter has a full and absolute indemnification by the Debtor, the first and third "pathways" are established. And, the possibility of inconsistent judgments and preservation of judicial resources justify a finding under the second and fourth "pathways," since the Adversary already encompasses all of the very same litigation Democracy seeks to pursue in state court.

Courts have also found unusual situations to exist where a creditor's pursuit of a guarantor can affect the administration of the underlying bankruptcy case and/or otherwise undermines the bankruptcy court's jurisdiction. See, e.g., *In re Brier Creek Corporate Center Associates, Ltd.*, 486 B.R. 681 (Bankr. E.D. NC 2013)

In *Brier Creek,* the bankruptcy court applied the stay to non-debtor third-party guarantors in a fact pattern similar to the one herein. Pre-petition, creditor and debtor had pending state court litigation, which was then transferred to the bankruptcy court, commencing in an adversary proceeding. *Id.* The overarching question to be resolved in the *Brier Creek* adversary was whether the debtor was in default under the loan documents. *Id.* Creditor requested relief from the bankruptcy court, seeking to pursue non-debtor guarantors during the pendency of the adversary. As the court analyzed:

> "the outcome of the Adversary Proceeding will have a direct impact on Bank of America's claims against the debtors. It could not be more clear that the Guarantor Arbitration, as to both its prosecution and its outcome, will likely deprive this court

of its authority and flexibility to decide the issues in the Adversary Proceeding, the outcome of which directly affects the claims process."

*Id.* at 687. Under those facts, the court found that "unusual circumstances" existed and the automatic stay applied to the non-debtor third-party guarantors.

The facts herein overlap substantially with those of *Brier Creek* where litigation outside of the debtor's adversary proceeding has the "potential to derail the reorganization efforts of the debtors…" and allowing pursuit of the guarantors "impedes on [the Bankruptcy Court's] jurisdiction and flexibility to administer the claims process and to preside over the Adversary Proceeding." *Id.* at 692. It is indisputable that the Vetters guarantor obligation is wholly dependent upon resolution of Debtor's Adversary and as a result, it should be recognized that the automatic stay of §362 extends to the Vetters.

## **CONCLUSION**

The relief sought by Democracy against the Vetters cannot be granted because Democracy has failed to comply with the Federal Rules and because requesting such relief is improper in a motion for relief pursuant to the Local Rules. Fed.R.Bankr.P. 4001; Fed.R.Bankr.P. 9014; Local Bankruptcy Rule 4001-1. In addition, cause does not exist to lift the stay pursuant to §362 as to the Debtor, and unusual circumstances exist such that the stay of §362 is extended to the Vetters for each of the reasons described hereinabove. For all of these reasons, the Motion should be denied.

/s/ Catherine Keller Hopkin
Catherine Keller Hopkin, 28257
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401
(443) 569-0788
chopkin@yvslaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of March 2023, notice of filing the Opposition to Democracy Capital Corporation's Motion for Relief from Stay and Statement in Support of Debtor's and Other Interested Parties' Opposition was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.

                                                    /s/ Catherine Keller Hopkin
                                                Catherine Keller Hopkin

4894-3554-7989, v. 1

**The following parties received CM/ECF notice of the filing:**

Hugh M. Bernstein, Esquire
hugh.m.bernstein@usdoj.gov ()
Office of U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Counsel for Gregory Vetter
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

C. Kevin Kobbe, Esquire
(kevin.kobbe@us.dlapiper.com)
Counsel for Jupiter Fund LLC
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209-3600

Kimberly A. Manuelides, Esquire
(kmanuelides@sagallaw.com)
Counsel for Yellow Brick Road III LLC
Sagal, Filbert, Quasney, & Betten, P.A.
600 Washington Avenue, Suite 300
Towson, Maryland  21204

Richard L. Costella, Esquire
(rcostella@tydings.com)
Counsel for MCDJRTESSE, LLC and PMCDTESSE, LLC
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Harry Conrad Jones, III, Esquire
(hjones@coleschotz.com)
Counsel for Debtor
Cole Schotz P.C.
300 East Lombard Street, Suite 1450
Baltimore, Maryland  21202

Joyce A. Kuhns, Esquire
(jkuhns@offitkurman.com)
Counsel for Democracy Capital Corporation
Offit Kurman, P.A.
300 East Lombard Street, 20th Floor
Baltimore, Maryland  21202

U.S. Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

James Daniel Ford, Jr., Esquire
(j.dan.ford@usdoj.gov)
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Lawrence A. Katz, Esquire
(lkatz@hirschlerlaw.com)
Counsel for Michael McDevitt
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, Virginia  22102

Gary H. Leibowitz, Esquire
(gleibowitz@coleschotz.com)
Counsel for Debtor
Cole Schotz P.C.
300 East Lombard Street, Suite 1111
Baltimore, Maryland  21202

Irving Edward Walker, Esquire
(iwalker@coleschotz.com)
Counsel for Debtor
Cole Schotz P.C.
300 East Lombard Street, Suite 1111
Baltimore, Maryland  21202