UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TESSEMAE'S LLC, ) | |
| ) | Case No. 23-10675-NVA |
| Debtor. ) | |
| ) | |

**JOINDER OF JUPITER FUND LLC IN DEBTOR'S
OPPOSITION TO DEMOCRACY CAPITAL CORPORATION'S
<u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

Jupiter Fund LLC ("**Jupiter Fund**"), by its undersigned counsel, hereby joins in the Opposition [Dkt. No. 73] and supporting Memorandum [Dkt. No. 74] filed by Tessemae's LLC (the "**Debtor**") to the Motion for Relief from Stay to Allow State Court Action to Proceed to Judgment and for Defense of Counterclaim and Related Relief (the "**Motion**") [Dkt. No. 51] filed by Democracy Capital Corporation ("**Democracy**"). Jupiter Fund adopts the arguments made by the Debtor in opposition to the Motion and, in further support of its position, states as follows:

1. Jupiter Fund is the Debtor's largest undisputed creditor. It holds a series of promissory notes issued by the Debtor with an outstanding balance of approximately $8.5 million. Jupiter Fund is closely aligned with a large group of noteholders that is owed, in the aggregate, more than $20 million.

2. The resolution of issues arising out of the disputed Democracy claim – including the issue of whether Democracy holds any claim against the Debtor, the issue of whether Democracy holds any liens against the Debtor's assets, the issue of whether any claim held by Democracy should be equitably subordinated, and the issue of whether Democracy owes damages to the Debtor's bankruptcy estate – will materially impact the interests of all creditors and other stakeholders.

3. By the Motion, Democracy seeks relief from the automatic stay to resume its state court litigation with the Debtor. The Motion should be denied for a number of reasons.

4. <u>First</u>, sending the litigation to state court would not result in a complete resolution of the Democracy issues, as this Court still would need to adjudicate, at a minimum, the fraudulent transfer and equitable subordination claims raised in the pending adversary proceeding. This necessarily would result in duplication and waste of both judicial resources and bankruptcy estate resources. To ensure fairness and judicial economy, the Democracy issues should be resolved in a single forum, and this Court alone has the power to provide a complete resolution.

5. <u>Second</u>, the resolution of the Democracy issues will involve the interpretation of complex commercial loan documents and the application of both federal and state laws. This Court, far more than the state court, has the specialized expertise to adjudicate claim and lien issues. Further, because the issues to be litigated invoke the bankruptcy claims adjudication process, they fall squarely within the core jurisdiction of this Court.

6. <u>Third</u>, retaining control over the Democracy litigation is the only way for this Court to ensure a prompt resolution, which is critical to all interested parties. Democracy misleadingly portrays this as a situation in which key issues will be promptly addressed by the state court. In actuality, Democracy does not know what will happen if the litigation is returned to state court. Significantly, the state court litigation is not trial-ready; rather, it is still in the motions stage. The state court could deny Democracy's latest motion for summary judgment, just as it denied Democracy's previous motion for summary judgment, and the state court litigation (which has been pending since November of 2020 – more than two years prior to the Debtor's bankruptcy filing) could continue to languish.

7.      Fourth, the interests of Democracy should not be placed ahead of the interests of other creditors.  By filing the Motion, Democracy is effectively requesting that the litigation of issues that are of vital importance to all creditors be conducted without transparency in the state court and that the bankruptcy estate be administered on a piecemeal basis for its own benefit, to the significant detriment of other creditors.

8.      Fifth, Democracy would not be prejudiced in any way by the denial of the Motion. Democracy will have a full and fair opportunity to litigate its position before this Court within the context of the pending adversary proceeding.

WHEREFORE, for the reasons set forth herein and such other reasons that may be presented at any hearing on the Motion, Jupiter Fund requests that the Court deny the relief requested in the Motion.

Dated:  March 10, 2023

Respectfully submitted,

 /s/ C. Kevin Kobbe
C. Kevin Kobbe (Bar No. 07968)
kevin.kobbe@us.dlapiper.com
DLA PIPER LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Counsel for Jupiter Fund LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on this 10th day of March, 2023, I reviewed the Court's CM/ECF system, and it reports that an electronic copy of the foregoing *Joinder of Jupiter Fund LLC in Debtor's Opposition to Democracy Capital Corporation's Motion for Relief from Automatic Stay* will be served electronically on the following:

- **Gary H. Leibowitz**   gleibowitz@coleschotz.com
  pratkowiak@coleschotz.com
  bankruptcy@coleschotz.com
  lmorton@coleschotz.com

- **Irving Edward Walker**   iwalker@coleschotz.com
  jdonaghy@coleschotz.com
  pratkowiak@coleschotz.com

- **Harry Conrad Jones**   HJones@coleschotz.com
  bankruptcy@coleschotz.com
  pratkowiak@coleschotz.com

- **Richard L. Costella**   rcostella@tydings.com
  jmurphy@tydings.com

- **Joyce A. Kuhns**   jkuhns@offitkurman.com

- **Lawrence A. Katz**   lkatz@hirschlerlaw.com
  llewis@hirschlerlaw.com
  aklena@hirschlerlaw.com

- **Catherine Keller Hopkin**   chopkin@yvslaw.com
  pgomez@yvslaw.com
  yvslawcmecf@gmail.com
  hopkincr39990@notify.bestcase.com
  schroppjr39990@notify.bestcase.com

- **Kimberly A. Manuelides**   kmanuelides@sagallaw.com

- **Hugh M. Bernstein**   hugh.m.bernstein@usdoj.gov

- **James Daniel Ford**   j.dan.ford@usdoj.gov

- **US Trustee – Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV

  In addition, copies were served by first-class United States Mail, postage prepaid, on the following:

    **Ally Bank, c/o AIS Portfolio Services, LLC**
    4515 N. Santa Fe Ave. Dept. APS
    Oklahoma City, OK 73118

**Alison D. Bauer**
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019

**JiunWen Bob Teoh**
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019

                                                     */s/ C. Kevin Kobbe*