**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>Tessemae's LLC,[1]<br><br>           Debtor. | (Chapter 11)<br><br>Case No. 23-10675 (NVA) |

**APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY AND RETAIN
B. RILEY SECURITIES, INC. AS EXCLUSIVE INVESTMENT BANKER TO
THE DEBTOR, *NUNC PRO TUNC* TO MARCH 2, 2023**

The above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to sections 327(a), 328(a) and 330of title 11 of the United States Code (the "Bankruptcy Code") and Rule 20l4 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits this Application for entry of an Order authorizing the Debtor to employ B. Riley Securities, Inc. ("B. Riley Securities") as its exclusive investment banker, *nunc pro tunc* to March 2, 2023. In support of this Application, the Debtor submits the Affidavit of Michael Fixler (the "Fixler Affidavit"), a copy of which is attached hereto as **Exhibit A** and incorporated herein by this reference. In further support of this Application, the Debtor respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification are Tessemae's LLC (2871). The Debtor's principal address is 714 South Wolfe Street, P.O. Box No. 38438, Baltimore, Maryland 21231.

65577/0002-44788663v3

**BACKGROUND**

3. On February 1, 2023 (the "Petition Date"), the Debtor filed its voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. An official committee of unsecured creditors has not yet been appointed.

6. No request for a trustee or examiner has been made in this chapter 11 case ("Chapter 11 Case").

7. A detailed description of the Debtor's business and the facts precipitating the filing of the Debtor's bankruptcy case is set forth in the *Declaration of Demian Costa in Support of First-Day Motions* (the "Costa Declaration"). Those facts are incorporated herein by reference.

**RELIEF REQUESTED**

8. By this Application, the Debtor respectfully requests the entry of the Proposed Order, attached hereto as **Exhibit B**, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, (a) authorizing the Debtor to retain and employ B. Riley Securities as investment banker to the Debtor, *nunc pro tunc* to March 2, 2023, (b) approving the terms and conditions contained in that certain engagement agreement, dated as of March 2, 2023 (the "Agreement") under which B. Riley Securities will be retained and compensated at the expense of the Debtor's estate and (c) granting related relief. A copy of the Agreement is attached as **Exhibit 1**, to the Fixler Affidavit.

**BASIS FOR RELIEF REQUESTED**

9. Pursuant to section 327(a) of the Bankruptcy Code, a debtor-in-possession, with the Court's approval, may employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in

2

carrying out [its] duties under this title." 11 U.S.C. § 327(a).  Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

> (a)     is not a creditor, an equity security holder, or an insider;
>
> (b)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor, and
>
> (c)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

10. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

**A.**     **B. Riley's Qualifications**

11. The Debtor selected B. Riley Securities to act as its exclusive investment banker because B. Riley Securities is a nationally recognized investment bank that helps middle market companies, as well as their stakeholders, complete challenging financial transactions. B. Riley Securities has (a) substantial experience with, and knowledge of, companies involved in the food and beverage, and healthy consumer product industries, (b) extensive knowledge of potential buyers interested in the Debtor's industry, and (c) substantial special situation investment banking transaction experience.

12. B. Riley Securities (including FocalPoint Securities, LLC, as successor by acquisition) has served as an investment banker for debtors, buyers and creditors' committees in numerous recent bankruptcy matters, including: *In re Furniture Factory Outlet, LLC, In re Loot*

*Crate, Inc., In re Schramm, Inc., In re YouFit Health Club, LLC, In re RTI Holding Co., LLC, In re Gas City, Ltd., In re Chellino Crane, Inc., In re ValuePart, Inc.*

13. As a result, the Debtor believes that B. Riley Securities is eminently qualified to serve as its investment banker in this Chapter 11 case.

**B.     Scope of Services**

14. Subject to Court approval, and as set forth in the Agreement, B. Riley Securities will assist and advise the Debtor with various services in connection with a potential Transaction[2] including, but not limited to, the following:[3]

- To the extent it deems necessary, appropriate and feasible, familiarize itself with business, operations, assets, financial condition and prospects of the Company;

- Advise the Company in analyzing its strategic alternatives and structuring and effecting the financial aspects of a sale;

- Design the appropriate process to effect and initiate any sale, including an analysis of the various alternatives and, if appropriate, the investors ("Counterparties") to be contacted for the sale;

- Assist the Company in the preparation of any appropriate financial models, financial analysis, or marketing materials necessary to initiate and effect any sale including those to be provided to Counterparties in conjunction with any sale ;

- As appropriate, solicit interest from Counterparties in any sale;

- Assist the Company and its other professionals in reviewing and evaluating the terms of any proposed sale and, if directed, negotiating the terms thereof;

- Coordinate with the Company's legal counsel regarding matters related to the closing of a sale ("Closing");

- Assist or participate in negotiations with parties in interest, including any current or prospective creditors of, holders of equity in, or claimants against

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Agreement.

[3] To the extent that any summary of the Agreement described herein is inconsistent with the Agreement, the Agreement shall control.

> the Company and/or their respective representative in connection with a sale;

- Advise the Company with respect to, and attend, meetings of the Company's Board of Directors (or equivalent body) and its committees, creditor groups, official constituencies and other interested parties, as necessary; and

- As appropriate, provide relevant testimony with respect to any sale.

*See* Agreement, pgs. 1-2, Services to be Rendered.

15. It is necessary that the Debtor employ B. Riley Securities to render the foregoing professional services. The Debtor believes that the services will not duplicate the services that other professionals will be providing the Debtor in this case, including Aurora Management Partners. Specifically, B. Riley Securities will carry out unique functions and will use reasonable efforts to coordinate with the Debtor and other professionals retained in this case to avoid the unnecessary duplication of services. B. Riley Securities began providing services contemporaneous with the execution of its agreement because the Debtor must proceed with its sale process quickly to avoid another liquidity crisis. In addition, the Debtor's DIP loan has milestones which the Debtor must meet to avoid a default.

C. **Compensation and Waiver of Local Rule 2016-1**

16. Subject to the Court's authorization, the Debtor requests that B. Riley Securities be compensated pursuant to the terms and conditions of the Agreement. As more fully set forth in the Agreement, B. Riley will be compensated and reimbursed as follows

- Monthly Advisory Fee: $35,000 per month during the term of the Agreement, with the first five (5) Monthly Advisory Fees to be credited against the Transaction Fee. The initial Monthly Advisory Fee shall be earned, due and payable upon the execution of this Agreement by the Company. Thereafter, a Monthly Advisory Fee shall be earned due and payable on each monthly anniversary of the date of the Agreement.

- Sale Fee: in the event the Company completes a Sale, a fee (the "Sale Fee") to be paid upon the closing of any Sale equal to the sum of (i) 2.0% of Transaction Value up to and including $60 million, plus (ii) 3.25% of Transaction Value in

excess of $60 million, <u>provided</u>; <u>however</u>, that the Sale Fee shall never be less than $850,000.

- <u>Expenses</u>: Reasonable and approved expenses will be invoiced separately by B. Riley each month and will be reimbursed by the Company. The expenses incurred will consist of, but are not limited to, the following: postage and shipping charges, use of third-party databases, telephone, copying, facsimiles, printing, travel, lodging, overtime meals, transportation, and other miscellaneous engagement expenses, including, but not limited to, the reasonable fees and expenses of its outside legal counsel incurred in connection with the performance of the Agreement and the matters contemplated thereby.

17. The Debtor respectfully submits that the rates and charges set forth above are reasonable and should be approved under section 328(a) of the Bankruptcy Code, which specifically authorizes compensation of a professional person on a "fixed or percentage fee" basis. 11 U.S.C. § 328(a). The compensation terms negotiated with B. Riley Securities was the result of arm's length negotiations, and the Debtor believes such terms are fair and reasonable.

18. Due to the transactional fee structure of the engagement, requiring B. Riley Securities to file periodic fee applications pursuant to sections 330 and 331 of the Bankruptcy Code and in compliance with Bankruptcy Rule 2016 and Local Rule 2016-1 is unnecessary. B. Riley Securities will not be compensated based upon time and effort expended, but instead, on fixed amounts as set forth above and in the Agreement. Given the transactional nature of B. Riley Securities' engagement, the Debtor submits that recording and submission of detailed time entries for services rendered in this case is unnecessary and would be unduly burdensome to B. Riley Securities. In addition, investment bankers generally are not compensated based on hours devoted to their services, and instead are compensated based on fee structures similar to the one proposed in this case. Accordingly, the Debtor requests that the requirements of Local Rule 2016-1 be waived. Therefore, B. Riley's Securities' compensation shall be subject to the

standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

19. Under the circumstances, it is appropriate and reasonable for B. Riley Securities to be compensated pursuant to the terms of the Agreement without being required to file interim fee applications as contemplated by sections 330 and 331 of the Bankruptcy Code. B. Riley Securities will, however, file a final fee application that sets forth a summary of all fees earned and expenses reimbursed in this case.

### D.    Indemnification

20. As set forth more fully in Appendix A, Section 9, to the Agreement (the "Indemnification Provisions"), the Debtor acknowledges and agrees to indemnify B. Riley. The Debtor, however, will not be responsible for indemnifying B. Riley Securities to the extent liability is found in a final judgment by a court of competent jurisdiction, not subject to further appeal, to have resulted primarily from B. Riley Securities' gross negligence or willful misconduct in the performance of its duties under the Agreement. The Debtor submits that the Indemnification Provisions, and related contribution provisions, is appropriate and necessary under the circumstances.

### E.    B. Riley Securities' Disinterestedness

21. As set forth in the Fixler Affidavit, B. Riley Securities has conducted an extensive search of its conflict database with respect to the Debtor and a list of parties-in-interest and parties-in-interest in this Chapter 11 case. The scope and results of that conflicts search are set forth in the Fixler Affidavit, respectively.

22. In reliance on the Fixler Affidavit, the Debtor believes that, except as set forth in the Fixler Affidavit: (a) B. Riley Securities has no connection with the Debtor, its creditors, the United States Trustee for Region 4, any person employed in the Office of the United States

Trustee for Region 4, Judges on the Bankruptcy Court for the District of Maryland, or any other party in interest in this Chapter 11 case or their respective attorneys and accountants; (b) B. Riley Securities is not a creditor, equity security holder, or insider of the Debtor; (c) B. Riley Securities is not and was not, within two years of the Petition Date, a director, officer, or employee of the Debtor; and (d) B. Riley Securities does not have an interest materially adverse to the Debtor, its estate, creditors or equity security holder by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. Accordingly, the Debtor believes that B. Riley Securities is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

23. B. Riley Securities has informed the Debtor that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, B. Riley Securities will supplement the Fixler Affidavit with the Court. Furthermore, B. Riley Securities has informed the Debtor that it has not shared or agreed to share any compensation received in connection with this Chapter 11 case with any entity other than its members, partners or associates in accordance with section 504(b) of the Bankruptcy Code.

**NOTICE**

24. Notice of this Application has been given to the following parties or to their counsel, if known: (i) the Office of the United States Trustee; (ii) counsel to the Debtor's secured lenders; (iii) the parties identified on the Consolidated List of 20 Largest Unsecured Creditors; and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code: (a) authorizing the Debtor to retain and employ B. Riley as its exclusive investment banker, *nunc pro tunc* to March 2, 2023, (b) approving the terms and conditions contained in the Agreement, and (c) granting related relief.

Dated: March 14, 2023

By: */s/ Gary H. Leibowitz*
Gary H. Leibowitz (Bar No. 24717)
Irving E. Walker (Bar No. 00179)
HC Jones, III (Bar No. 20064)
Cole Schotz P.C.
300 East Lombard Street, Suite 1111
Baltimore, MD 21202
Telephone: (410) 230-0660
Facsimile: (410) 230-0667
gleibowitz@coleschotz.com
iwalker@coleschotz.com
hjones@coleschotz.com

*Attorneys for the Debtor and Debtor in Possession*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the *Application of Debtor for Authority to Employ and Retain B. Riley Securities, Inc. as Exclusive Investment Banker to the Debtor,* Nunc Pro Tunc *to March 2, 2023 (*the "Application") will be served electronically by the Court's CM/ECF system on the following:

J. Dan Ford, Assistant United States Trustee
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Gerard R. Vetter
Assistant U.S. Trustee
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Lawrence A. Katz, Esquire
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102

Joyce A. Kuhns, Esq.
Offit Kurman, P.A.
300 E. Lombard Street, Suite 2010
Baltimore, MD 21202

Catherine Keller Hopkin, Esquire
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401

Hugh M. Bernstein, Assistant United States Trustee
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Richard L. Costella, Esquire
Tydings & Rosenberg, LLP
1 East Pratt Street, Suite 901
Baltimore, MD 21202

C. Kevin Kobbe, Esquire
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209

Kimberly A. Manuelides, Esq.
Sagal, Filbert, Quasney & Betten, P.A.
600 Washington Avenue, Suite 300
Towson, MD 21204

I further certify that on March 14, 2023, a copy of the Application was served via First-Class mail, postage prepaid, on the parties listed on the attached service list.

I further certify the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  March 14, 2023                **COLE SCHOTZ P.C.**

By:  */s/ Gary H. Leibowitz*
Gary H. Leibowitz (Bar No. 24717)
300 East Lombard Street, Suite 1111
Baltimore, MD  21202
(410) 230-0660
(410) 230-0667 (fax)
gleibowitz@coleschotz.com

*Counsel for Debtor and Debtor-In-Possession*

2

**SERVICE LIST**

| | |
|---|---|
| Ally Bank, c/o AIS Portfolio Services, LLC<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | CE CID LLC<br>2410 Evergreen Road, Suite 201<br>Gambrills, MD 21054 |
| LEC LLC<br>845 E. Heartstrong St.<br>Superior, CO 80027 | Vetter Brothers Manufacturing, LLC<br>Attn: Brian Vetter<br>595 Owensville Road<br>West River, MD 20775 |
| Peter R. McDermott<br>1 Pond Dr.<br>Englewood, CO 80113 | Robert F. McDermott<br>4455 South Holly Street<br>Cherry Hills Village, CO 80111 |
| Clearview Group<br>Attn: Brian Davis<br>11155 Red Run Blvd., Suite 410<br>Owings Mills, MD 21117 | Jupiter Fund LLC<br>102 W. Pennsylvania, Suite 100<br>Towson, MD 21204 |
| K2 Trust, LLC<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 | Fleet Street Club III L.P.<br>11770 US Highway 1, Suite 503<br>Palm Beach Gardens, FL 33408 |
| Benjamin H. Griswold IV<br>901 S. Bond St., Suite 400<br>Baltimore, MD 21231 | David Charles Moran<br>375 W. Royal Flamingo Dr.<br>Sarasota, FL 34236 |
| GP Stamas Family Trust<br>8 Waterbury Court<br>Baltimore, MD 21212 | Tenacious Adventures<br>Attn: Kipp Lassetter<br>24546 N. 91st Street<br>Scottsdale, AZ 85255-2911 |
| M&C Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 | C&J Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 |
| John Ege<br>100 St. Paul St., Suite 800<br>Denver, CO 80206 | Scott Carmel<br>3301 NE 1st Ave.<br>Miami Beach, FL 33139 |
| Christina Pagano<br>14 Lost Run Trail<br>Zionsville, IN 46077 | Brown, Goldstein & Levy, LLP<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, MD 21202 |
| Altus Receivables Management, Trust Account<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062 | Falling Green Capital LLC<br>1621 Central Ave.<br>Cheyenne, WY 82001 |

| | |
|---|---|
| Donald McDonald<br>2180 Royal Oaks Dr.<br>Rockledge, FL 32955 | Deborah Grove Living Trust<br>Attn: Deborah M. Grove<br>5936 Elmer Derr Rd.<br>Frederick, MD 21703 |
| Monique D. Almy, Esquire<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, D.C. 20004 | Alison D. Bauer, Esquire<br>Jiun-Wen Bob Teoh, Esquire<br>Foley Hoag LLP<br>1301 Avenue of the Americas, 25th Floor<br>New York, NY 10019 |

65577/0002-44788663v3