IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>Tessemae's LLC,<br><br>                Debtor. | (Chapter 11)<br><br>Case No. 23-10675(NVA) |

**OBJECTION OF DEMOCRACY CAPITAL CORPORATION TO TO DEBTOR AND DEBTOR-IN-POSSESSION'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING ASSUMPTION OF MODIFIED EXECUTORY CONTRACT WITH SUNRISE FOODS INTERNATIONAL INC.**

Democracy Capital Corporation ("Democracy Capital"), by its counsel, hereby files this Objection to Tessemae's LLC (the "Debtor") Motion for Entry of an Order Authorizing Assumption of Modified Executory Contract with Sunrise Foods International, Inc. (the "Motion") for the May 17, 2021 agreement ("2022 Agreement") and the June 13, 2022 agreement ("2023 Agreement") between Debtor and Sunrise Foods International, Inc. ("Sunrise") and in support states:

**SUMMARY OVERVIEW**

1.  The Debtor proposes to assume the 2022 Agreement and 2023 Agreement, as modified (the "Agreements"). However, the Debtor has produced no written evidence of any such "modifications". Furthermore, the 2022 Agreement attached to the Motion terminated by its express terms on December 31, 2022, which extinguished any further obligation of performance thereunder, rendering it non-executory. The Agreements, moreover, are supply contracts rather than forward commodity contracts, evidenced by the fact that the contract price is subject to change based on amounts ordered and where the Sunflower Oil is being shipped. Because the contract terms are predicated on more than just the product or commodity itself, there is a presumption that the 2022 Agreement is not a forward commodity contract under the law of the

1

Fourth Circuit. *See In re Nat'l Gas Distributors, LLC*, 556 F. 3d 297, 259 (4th Cir. 2009) (all expected costs of performance must be attributable to the expected costs of the underlying commodity itself, not costs attributable to, for example, transportation and packaging). A conclusory statement alone by the Debtor classifying the Agreements as forward commodity contracts fails to establish that fact.

2. Additionally, the Debtor proposes to cure the amounts owed of $203,814.00 under the expired 2022 Agreement. Such assumption by the Debtor and cure of an expired contract is not permissible under Section 365. *See Gloria Mfg. Corp. v. Int'l Ladies' Garment Workers' Union*, 734 F. 2d 1020, 1022 (4th Cir. 1984) (holding that once a contract has expired, there is nothing for a trustee to assume of reject under 11 U.S.C. § 365.

3. Furthermore, the Debtor has undertaken the marketing of the company for sale. Prospective purchaser of the business may have the ability to procure its own suppliers at prices far more favorable to the purchaser than those obtained by a distressed entity. Thus, premature assumption of the Agreements will convert the contracts into unnecessary administrative expenses of the estate. Therefore, Debtor has not met its burden of showing that the proposed relief is in the best interest of the estate at this time, especially given the imminent marketing and sale process.

**BACKGROUND**

4. According to the Motion, on May 17, 2021, Tessemae's LLC (the "Debtor") entered into the 2022 Agreement with Sunrise whereby Debtor was obligated to purchase 6,000,000 pounds of Certified Organic Sunflower Oil from Sunrise at a contract rate of $0.985 per pound. The shipment period was from January 1, 2022 through December 31, 2022.

5. According to the Motion, on June 13, 2022, the Debtor entered into the 2023 Agreement with Sunrise whereby Debtor was to purchase 3,500,000 pounds of Certified Organic Sunflower Oil from Sunrise at a contract rate of $1.89 per pound. The shipment period ran from February 1, 2023 through December 31, 2023.

6. On March 7, 2023, the Debtor filed a motion for the entry of an order authorizing the Debtor to assume a modified executory contract with Sunrise and to cure prepetition amounts owed to Sunrise along with granting any other related relief.

7. According to the Motion, the Debtor alleges that the 2022 Agreement is a "forward commodities contract" but fails to identify evidence or authority supporting its conclusion.

8. According to the Motion, the Debtor states that the 2022 Agreement was amended to continue the shipment of Certified Organic Sunflower Oil under the terms of the 2022 Agreement through March 31, 2023 (the "2022 Amendment"); however, no copy of the 2022 Amendment is attached to the Motion.

9. According to the Motion, the Debtor states that the Debtor and Sunrise agreed to modify terms of the 2023 Agreement whereby the Debtor will purchase 2,000,000 pounds of Certified Organic Sunflower Oil for $1.44 per pound for a shipment period running from April 1, 2023 to December 31, 2023 (the "2023 Amendment"); however, no copy of the 2023 Amendment is attached to the Motion.

10. According to the Motion, the Debtor proposes to pay Sunrise a cure amount of $203,814.00, which is the amount allegedly owed to Sunrise for goods shipped to but not paid for by the Debtor under the 2022 Agreement, despite the fact that the 2022 Agreement attached to the Motion appears to have expired on December 31, 2022.

**ARGUMENT**

A. <u>NEITHER THE 2022 AGREEMENT NOR THE 2023 AGREEMENT IS A FUTURE COMMODITY CONTRACT.</u>

11. While the definition of a forward commodity contract has not been clearly defined under the Bankruptcy Code, the Fourth Circuit has offered a framework to follow to determine whether a contract, in fact, is a forward commodities contract:

> "First, the subject of a commodity forward agreement must be a commodity. That is, substantially all of the expected costs of performance must be attributable to the expected costs of the underlying commodity, determined at the time of contracting. This … distinguishes a commodity forward agreement, in which the benefits or detriments depend on future fluctuations in commodity prices, from many supply contracts, in which costs attributable to other factors, such as packaging, marketing, transportation, service, and similar matters contribute to a greater portion of the costs."

*In re Nat'l Gas Distributors, LLC*, 556 F.3d 247, 259 (4th Cir. 2009).

12. The Debtor's Agreements with Sunrise appear to constitute simple supply contracts under to the Fourth Circuit analysis. The Agreements provide not only for the Sunflower Oil itself, but also for the certification of the Sunflower Oil and the transportation of the Sunflower Oil, evident by the contract price per pound varying based on where the Sunflower Oil is being shipped and whether it is being ordered in bulk amounts. However, "… a forward commodity contract, in being 'forward,' must require a payment for the commodity at a price fixed at the time of contracting for delivery more than two days after the date the contract is entered into." *Id.* at 260. Such is not the case here. The Agreements clearly contemplate that the transportation and certification of the Sunflower Oil by Sunrise are material to the contemplated contract price. Thus, neither contract can be defined as a forward commodities contract subject to Section 556 of the Bankruptcy Code.

B.      NEITHER THE 2022 AGREEMENT NOR THE 2023 AGREEMENT IS `
ASSUMABLE.

13.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . assume any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). An executory contract is a contract on which performance remains due to some extent on both sides such that the failure of either party to perform would constitute a material breach. *RCI Tech Corp. v. Sunterra Corp. (In re Sunterra Corp.)*, 361 F.3d 257, 264 (4th Cir. 2004).

14.      The applicable standard in determining whether an executory contract should be assumed is the "business judgment" test, which is premised upon the assumption that the debtor has exercised sound business judgment beneficial to the estate. *See e.g.*, *In re Circuit City Stores*, 2010 WL 2425957 at *3 (Bankr. E.D. Va. Jun. 9, 2010); *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1098-99 (2nd Cir. 1993).

15.      The 2022 Agreement is not executory as it terminated under its own terms on December 31, 2022. The Debtor has failed to produce any written evidence to the contrary. Thus, the 2022 Agreement cannot be assumed under Section 365(a) of the Bankruptcy Code.

16.      While the Debtor claims that the 2023 Agreement has been amended to provide for a new contract price and a new quantity of Sunflower Oil to be produced by Sunset, no such amendment is attached to the Motion. Furthermore, as noted above, a prospective buyer may not be interested in an assumption and assignment of this Agreement as such a buyer may command better pricing in the marketplace then a distressed entity like Tessemae's. Thus, a premature assumption will only saddle a cash-strapped estate with unnecessary administrative expenses. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531-532 (1984); 11 U.S.C. § 365(g)(2) (damages for a contract assumed and subsequently rejected in chapter 11 elevated to

administrative expense of the chapter 11 case). Therefore, the Debtor has not demonstrated that assumption at this stage is in the best interest of the estate.

17. For the foregoing reasons, the 2022 Agreement and the 2023 Agreement should not be assumed and the Motion should be denied.

WHEREFORE, Democracy Capital Corporation requests the entry of an order: (a) denying Debtor's Motion for Entry of an Order Authorizing Assumption of Modified Executory Contract with Sunrise Foods International Inc.; and (b) granting Democracy Capital Corporation such other and further relief to which it is entitled.

Date: March 21, 2023 /s/ Joyce A. Kuhns
Joyce A. Kuhns (030979)
OFFIT |KURMAN, P.A.
300 E. Lombard Street
Baltimore, MD 21202
O (410)209-6400
F (410)209-6435
jkuhns@OffitKurman.com

*Counsel for Democracy Capital Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of this Objection of Democracy Capital Corporation to Debtor and Debtor-in-Possession's Motion for Entry of an Order Authorizing Assumption of Executory Contract with Sunrise Foods International Inc. (the "Objection") will be served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| J. Dan Ford, Assistant U.S. Trustee<br>Office of the United States Trustee<br>101 West Lombard Street, Suite 2625<br>Baltimore, MD 21201<br>j.dan.ford@usdoj.gov | Hugh M. Bernstein, Assistant U.S. Trustee<br>Office of the United States Trustee<br>101 West Lombard Street, Suite 2625<br>Baltimore, MD 21201<br>hugh.m.bernstein@usdoj.gov |
| Kimberly A. Manuelides, Esq.<br>Sagal, Filbert, Quasney & Betten, P.A.<br>600 Washington Avenue Suite 300<br>Towson, Maryland 21204<br>kmanuelides@sagallaw.com | Gary H. Leibowitz, Esquire<br>Cole Schotz<br>300 East Lombard Street<br>Baltimore, Maryland 21202<br>gleibowitz@coleschotz.com |
| C. Kevin Kobbe, Esquire<br>DLA Piper LLP (US)<br>6225 Smith Avenue<br>Baltimore, Maryland 21209<br>kevin.kobbe@us.dlapiper.com | Lawrence A. Katz<br>Hirschler Fleischer<br>1676 International Drive, Suite 1350<br>Tysons, VA 22102-0000<br>lkatz@hirschlerlaw.com |
| Richard L. Costella<br>Tydings & Rosenberg LLP<br>One E. Pratt Street, Suite 901<br>Baltimore, MD 21202<br>rcostella@tydings.com | |

I FURTHER CERTIFY that on March 21, 2023, a copy of this Objection was served via First-Class mail, postage prepaid, on the parties listed on the attached service list.

I CERTIFY the foregoing statements are made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## SERVICE LIST

| | |
|---|---|
| GP Stamas Family Trust<br>8 Waterbury Court<br>Baltimore, MD 21212 | CE CID LLC<br>2410 Evergreen Road<br>Gambrills, MD 21054 |
| LEC LLC<br>845 E. Heartstrong St.<br>Superior, CO 80027 | Jupiter Fund LLC<br>102 W. Pennsylvania, Suite 100<br>Towson, MD 21204 |
| Peter R. McDermott<br>1 Pond Dr.<br>Englewood, CO 80113 | Robert F. McDermott<br>4455 South Holly Street<br>Cherry Hills Village, CO 80111 |

| | |
|---|---|
| Clearview Group<br>Attn: Brian Davis<br>11155 Red Run Blvd., Suite 410<br>Owings Mills, MD 21117 | Vetter Brothers Manufacturing, LLC<br>Attn: Brian Vetter<br>595 Owensville Road<br>West River, MD 20775 |
| K2 Trust, LLC<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 | Fleet Street Club III L.P.<br>11770 US Highway 1, Suite 503<br>Palm Beach Gardens, FL 33408 |
| Benjamin H. Griswold IV<br>901 S. Bond St., Suite 400<br>Baltimore, MD 21231 | David Charles Moran<br>375 W. Royal Flamingo Dr.<br>Sarasota, FL 34236 |
| PMCDTESSE, LLC and MCDJR-TESSE, LLC<br>c/o Richard L. Costella, Esq.<br>Tydings & Rosenberg LLP<br>One East Pratt Street, Suite 901<br>Baltimore, MD 21202 | Tenacious Adventures<br>Attn: Kipp Lasseter<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 |
| M&C Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 | C&J Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 |
| Deborah Grove Living Trust<br>Attn: Deborah M. Grove<br>5936 Elmer Derr Rd.<br>Frederick, MD 21703 | Scott Carmel<br>110 Venetian Way<br>Dildo Island<br>Miami Beach, FL 33139 |
| Christina Pagano<br>14 Lost Run Trail<br>Zionsville, IN 46077 | Brown, Goldstein & Levy, LLP<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, MD 21202 |
| Altus Receivables Management, Trust Account<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062 | Falling Green Capital LLC<br>3718 Falling Green Way<br>Mount Airy, MD 21771 |
| Donald McDonald<br>2180 Royal Oaks Dr.<br>Rockledge, FL 32955 | John Ege<br>100 St. Paul St., Suite 800<br>Denver, CO 80206 |
| AIS Portfolio Services, LLC, Ally Bank Dept.<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | Altus Receivables Management<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062 |
| Monique Almy, Esq.<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave, NW<br>Washington, D.C. 200004 | Alison D. Bauer<br>Jiun-Wen Bob Teoh<br>Foley Hoag LLP<br>1301 Ave of the Americas, 25th Floor<br>New York, NY 10019 |

Date: March 21, 2023   /s/ Joyce A. Kuhns
   Joyce A. Kuhns, Esq. (03979)