IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>Tessemae's LLC,<br><br>　　　　　　　Debtor. | (Chapter 11)<br><br>Case No. 23-10675(NVA) |

### OBJECTION AND RESERVATION OF RIGHTS OF DEMOCRACY CAPITAL CORPORATION TO DEBTOR AND DEBTOR-IN-POSSESSION'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACT WITH SVB FOOD & BEVERAGE CO.

Democracy Capital Corporation ("Democracy Capital"), by its counsel, hereby files this Objection and Reservation of Rights to Tessemae's LLC ("Debtor") Motion for Entry of an Order Authorizing Assumption of Executory Contract with SVB Food & Beverage Co. (the "Motion") for the January 1, 2023 agreement ("SVB Agreement") between Debtor and SVB Food & Beverage Co. ("SVB") and, in support, states :

### SUMMARY OVERVIEW

1.　　The Motion is defective on its face. Tessemae's has failed to disclose the relevant terms of the SVB Agreement to establish whether there is an valid and enforceable contract subject to assumption in the sound exercise of its business judgment and for the benefit of the estate. The only relevant information Debtor provided concerning the SVB Agreement is that it was effective January 1, 2023, that SVB is currently owed $271,457.42 prepetition, which Debtor proposes to pay as a cure payment, and that "SVB is vital to the Debtor's production process and is not readily replaceable." Motion, ¶ 8.

2.　　The Debtor has failed to provide the SVB Agreement itself, citing a confidentiality provision. Motion, ¶ 8 fn. 2. Bankruptcy cases are public proceedings and, as

1

such, there is a presumption favoring public access to pleadings in a bankruptcy case. *See* 11 U.S.C. § 107(a). The Debtor has made no attempt to overcome that presumption and did not seek to file pleadings or exhibits under seal. *See* 11 U.S.C. § 107(b).

3. It is also significant that the Debtor has undertaken the marketing of its business for sale. Any prospective purchaser of the business will likely have the ability to procure its own manufacturer at a price more favorable to the purchaser than that obtained by a distressed entity like Tessemae's. The assumption of the SVB Agreement is therefore premature and may subject the estate to the burden of unnecessary administrative expense. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531-532 (1984); 11 U.S.C. § 365(g)(2) (damages for a contract assumed and subsequently rejected in chapter 11 elevated to administrative expense of the chapter 11 case).

4. The Debtor has failed to support its claims that SVB's services are reasonable or necessary to its chapter 11 process. As no evidence can be found in the Debtor's Motion which would justify the assumption of the SVB Agreement as a sound exercise of its business judgment, in the best interest of the estate, the Motion should be summarily denied.

## BACKGROUND

5. According to the Motion, effective January 1, 2023, Tessemae's LLC (the "Debtor") claims to have entered into a supply agreement with SVB to "be the exclusive producer and manufacturer of the Debtor's all-natural, organic salad dressing" Motion, ¶ 8.

6. On March 9, 2023, the Debtor filed a motion for the entry of an order authorizing the Debtor to assume its contract with SVB.

7. According to the Motion, the Debtor alleges that the SVB Agreement is an "executory contract" but fails to provide any evidence of a contract with SVB whatsoever.

8.     According to the Motion, the Debtor proposes to pay to SVB a cure amount of $271,457.42, on a contract barely one-month old.

## ARGUMENT

9.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . assume any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). An executory contract is a contract on which performance remains due to some extent on both sides such that the failure of either party to perform would constitute a material breach. *RCI Tech Corp. v. Sunterra Corp., (In re Sunterra Corp.)*, 361 F.3d 257, 264 (4th Cir. 2004).

10.    The applicable standard in determining whether an executory contract should be assumed is the "business judgment" test, which is premised upon the assumption that the debtor has exercised sound business judgment beneficial to the estate. *See e.g.*, *In re Circuit City Stores*, 2010 WL 2425957 at *3 (Bankr. E.D. Va. Jun. 9, 2010); *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1098-99 (2nd Cir. 1993).

11.    The Debtor has failed to establish the threshold element that the SVB Agreement is an executory contract. The only evidence in support of the Debtor's claim is the conclusory statement by the Debtor that there exists unfulfilled obligations for both the Debtor and SVB, and that the failure of either party to perform would constitute a material breach. For this Court to determine that an executory contract exists, the Debtor must produce a valid, enforceable prepetition contract between the Debtor and SVB, which the Debtor has failed to do. Until the Debtor produces the SVB Agreement, it cannot proceed to seek its assumption. *See In re Rachel Indus., Inc.,* 109 B.R. 797, 802 (Bankr. W.D.Tenn. 1990) (holding that party assuming executory

contract bears the burden of persuasion that the contract is subject to assumption and all the required elements of assumption have been met).

12. Because the Motion is defective and does not afford parties-in-interest a reasonable opportunity to object, the Motion must be denied.

## RESERVATION OF RIGHTS

13. Democracy Capital fully reserves its rights to set forth additional and more specific objections after it has had a meaningful opportunity to review the SVB Agreement that is the subject of the Motion.

WHEREFORE, Democracy Capital Corporation requests the entry of an order: (a) denying Debtor's Motion for Entry of an Order Authorizing Assumption of Modified Executory Contract with SVB; and (b) granting Democracy Capital Corporation such other and further relief to which it is entitled.

Date: March 21, 2023

/s/ Joyce A. Kuhns
Joyce A. Kuhns (030979)
Offit |Kurman, P.A.
300 E. Lombard Street
Baltimore, MD 21202
O (410)209-6400
F (410)209-6435
jkuhns@OffitKurman.com

*Counsel for Democracy Capital Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of this Objection of Democracy Capital Corporation to Debtor and Debtor-in-Possession's Motion for Entry of an Order Authorizing Assumption of Executory Contract with SVB Food & Beverage Co. (the "Objection") will be served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| J. Dan Ford, Assistant U.S. Trustee<br>Office of the United States Trustee<br>101 West Lombard Street, Suite 2625<br>Baltimore, MD 21201<br>j.dan.ford@usdoj.gov | Hugh M. Bernstein, Assistant U.S. Trustee<br>Office of the United States Trustee<br>101 West Lombard Street, Suite 2625<br>Baltimore, MD 21201<br>hugh.m.bernstein@usdoj.gov |
| Kimberly A. Manuelides, Esq.<br>Sagal, Filbert, Quasney & Betten, P.A.<br>600 Washington Avenue Suite 300<br>Towson, Maryland 21204<br>kmanuelides@sagallaw.com | Gary H. Leibowitz, Esquire<br>Cole Schotz<br>300 East Lombard Street<br>Baltimore, Maryland 21202<br>gleibowitz@coleschotz.com |
| C. Kevin Kobbe, Esquire<br>DLA Piper LLP (US)<br>6225 Smith Avenue<br>Baltimore, Maryland 21209<br>kevin.kobbe@us.dlapiper.com | Lawrence A. Katz<br>Hirschler Fleischer<br>1676 International Drive, Suite 1350<br>Tysons, VA 22102-0000<br>lkatz@hirschlerlaw.com |
| Richard L. Costella<br>Tydings & Rosenberg LLP<br>One E. Pratt Street, Suite 901<br>Baltimore, MD 21202<br>rcostella@tydings.com | |

I FURTHER CERTIFY that on March 21, 2023, a copy of this Objection was served via First-Class mail, postage prepaid, on the parties listed on the attached service list.

I CERTIFY the foregoing statements are made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## SERVICE LIST

| | |
|---|---|
| GP Stamas Family Trust<br>8 Waterbury Court<br>Baltimore, MD 21212 | CE CID LLC<br>2410 Evergreen Road<br>Gambrills, MD 21054 |
| LEC LLC<br>845 E. Heartstrong St.<br>Superior, CO 80027 | Jupiter Fund LLC<br>102 W. Pennsylvania, Suite 100<br>Towson, MD 21204 |
| Peter R. McDermott<br>1 Pond Dr.<br>Englewood, CO 80113 | Robert F. McDermott<br>4455 South Holly Street<br>Cherry Hills Village, CO 80111 |

| | |
|---|---|
| Clearview Group<br>Attn: Brian Davis<br>11155 Red Run Blvd., Suite 410<br>Owings Mills, MD 21117 | Vetter Brothers Manufacturing, LLC<br>Attn: Brian Vetter<br>595 Owensville Road<br>West River, MD 20775 |
| K2 Trust, LLC<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 | Fleet Street Club III L.P.<br>11770 US Highway 1, Suite 503<br>Palm Beach Gardens, FL 33408 |
| Benjamin H. Griswold IV<br>901 S. Bond St., Suite 400<br>Baltimore, MD 21231 | David Charles Moran<br>375 W. Royal Flamingo Dr.<br>Sarasota, FL 34236 |
| PMCDTESSE, LLC and MCDJR-TESSE, LLC<br>c/o Richard L. Costella, Esq.<br>Tydings & Rosenberg LLP<br>One East Pratt Street, Suite 901<br>Baltimore, MD 21202 | Tenacious Adventures<br>Attn: Kipp Lasseter<br>5244 N. 37th Place<br>Paradise Valley, AZ 85253 |
| M&C Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 | C&J Irrevocable Trust<br>5973 West Cielo Grande<br>Glendale, AZ 85301 |
| Deborah Grove Living Trust<br>Attn: Deborah M. Grove<br>5936 Elmer Derr Rd.<br>Frederick, MD 21703 | Scott Carmel<br>110 Venetian Way<br>Dildo Island<br>Miami Beach, FL 33139 |
| Christina Pagano<br>14 Lost Run Trail<br>Zionsville, IN 46077 | Brown, Goldstein & Levy, LLP<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, MD 21202 |
| Altus Receivables Management, Trust Account<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062 | Falling Green Capital LLC<br>3718 Falling Green Way<br>Mount Airy, MD 21771 |
| Donald McDonald<br>2180 Royal Oaks Dr.<br>Rockledge, FL 32955 | John Ege<br>100 St. Paul St., Suite 800<br>Denver, CO 80206 |
| AIS Portfolio Services, LLC, Ally Bank Dept.<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | Altus Receivables Management<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062 |
| Monique Almy, Esq.<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave, NW<br>Washington, D.C. 200004 | Alison D. Bauer<br>Jiun-Wen Bob Teoh<br>Foley Hoag LLP<br>1301 Ave of the Americas, 25th Floor<br>New York, NY 10019 |

Date: March 21, 2023    /s/ Joyce A. Kuhns
                                                          Joyce A. Kuhns, Esq. (03979)