Entered: April 27th, 2023
Signed: April 27th, 2023

**SO ORDERED**



Nancy V. Alquist
**NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | (Chapter 11) |
| Tessemae's LLC,[1] | Case No. 23-10675 (NVA) |
| Debtor. | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 328 AND 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
<u>REIMBURSEMENT OF PROFESSIONALS</u>**

Upon the Motion of the Debtor and Debtor-in-Possession for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 328, and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals,[2] and upon the Costa Affidavit; and it appearing that good cause for granting the Motion exists; and the Court having jurisdiction to consider the Motion and relief requested pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] The Debtor in this Chapter 11 case and the last four digits of its federal tax identification are Tessemae's LLC (2871). The Debtor's principal address is 714 South Wolfe Street, P.O. Box No. 38438, Baltimore, Maryland 21231.

[2] All capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

65577/0001-44511394v2

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided.

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. Except as may otherwise be provided in Orders of this Court that authorized the retention of specific professionals on different terms, all professionals employed under Sections 327 or 1103 of the Bankruptcy Code (the "Professionals") in this case may seek interim compensation in accordance with the following procedures:

>   (a) No earlier than the fifteenth day, and no later than the last day, of each month following the month for which compensation is sought, each Professional will file with the Court and serve via facsimile, e-mail, overnight mail, or hand delivery, a monthly statement (the "Monthly Statement"), substantially in the form of Local Form CCP-5 (attached to the Motion as **Exhibit A**) together with (i) the cover page referenced in paragraph (l) below and (ii) as an exhibit to each Monthly Statement, the detailed daily time entries and summaries of time normally submitted with an interim fee application (redacted as may be necessary and appropriate), as well as a detailed summary of all disbursements and expenses for which the Professional is seeking reimbursement on the following: (A) Debtor's counsel, Cole Schotz P.C., 300 E. Lombard Street, Suite 1111, Baltimore, Maryland 21202, Attention: Gary H. Leibowitz, Esq., gleibowitz@coleschotz.com; (410) 230-0667 (facsimile); (B) the Office of the United States Trustee, 101 West Lombard Street, Suite 2625, Baltimore, MD 21201, Attn: Hugh M. Bernstein, hugh.m.bernstein@usdoj.gov; (410) 244-7201 (facsimile); (C) counsel for any Committee appointed pursuant to Section 1102 of the Bankruptcy Code; and (D) such other parties as the Court may direct, (collectively, the "Reviewing Parties");
>
>   (b) In the event any of the Reviewing Parties has an objection to any portion of the Fees or Expenses sought in a particular Monthly Statement, based on a preliminary view that such fees and expenses are not properly allowable, they or it shall, on or before the fifteenth calendar day after the date of the filing of the Monthly Statement at issue, serve by facsimile, overnight mail or hand delivery upon the Professional whose Monthly Statement is objected to, and the other Reviewing Parties, a written "Notice of Objection to Fee Statement" setting forth, at a minimum, the specific items and amount of Fees and Expenses to which the Reviewing Party objects and the basis for the objection. Thereafter, the

Professional can seek payment of objected to Fees and Expenses through the Professional's next interim fee application, as described below;

(c) If no objection to any respective Professional's Monthly Statement is served by the deadline set forth in paragraph (b) above, the Debtor shall pay the full amount of such Fees and Expenses less a 20% "Holdback" of the Fees, not later than the fifteenth calendar day after the last day on which any objections to the Monthly Statement were to be served and filed in accordance with paragraph (b) above;

(d) If an objection to any respective Professional's Monthly Statement is served by the deadline set forth in paragraph (b) above, the Debtor shall pay the amount of such Fees and Expenses requested in the Monthly Statement less any amount objected to and less a 20% Holdback of the Fees not objected to, by not later than the fifteenth calendar day after the last day on which any objections to the Monthly Statement were to be served and filed in accordance with paragraph (b) above. If following the service of an objection to a Monthly Statement the Professional and the party serving the objection are able to resolve their dispute in whole or in part, the Professional may serve on the Reviewing Parties a notice describing the terms of the resolution and the Debtor shall pay the balance of the Fees and/or Expenses no longer objected to (still applying a 20% Holdback as to Fees not subject to an objection) not later than the fifteenth calendar day after the date of service of the notice of resolution provided that such notice is served by facsimile, e-mail, overnight mail or hand delivery;

(e) The first Monthly Statement submitted by a Professional under this Order shall cover the period from the Petition Date through February 28, 2023, and it may be filed no earlier than the 15th of the following month and no later than the end of the following month. Other than the first Monthly Statement submitted by each of the Professionals pursuant to this order, each Monthly Statement will cover a single calendar month;

(f) Neither an objection nor a failure to object shall prejudice a party's right to object to an interim or final fee application on any ground. Resolution of an objection shall not constitute a waiver of a party's right to object to an interim or final fee application, nor shall it prejudice the right of a Professional to seek full allowance of the balance of all fees and expenses in an interim or final fee application;

(g) The monthly Fees and Expenses paid pursuant to Monthly Statements under this Order shall not be deemed allowed or disallowed for purposes of Sections 330 or 331 of the Bankruptcy Code. Rather, for each "Fee Period" set forth in paragraph (i) below, each Professional shall file with the Court and serve on the Reviewing Parties an application for interim approval and allowance of the Fees and Expenses requested pursuant to Section 331 of the Bankruptcy Code (the "<u>Interim Fee Applications</u>"); and serve notice of the filing of such Interim Fee

3

Application on those parties set forth in paragraph (a) above as well as parties who have requested notice pursuant to Federal Bankruptcy Rule 2002;

(h) If a Professional fails to serve a Monthly Statement timely, said Professional may not incorporate it into the next Monthly Statement, but the Professional may seek said fees in the next Interim Fee Application;

(i) Each Professional shall file its first Interim Fee Application covering the period from the Petition Date through and including **May 31, 2023** on or before **June 15, 2023**. Thereafter, each Interim Fee Application will cover one of the three Fee Periods in each calendar year. An Objection to an Interim Fee Application shall be filed on or before the 25th day of the month following the filing and serving of the Interim Fee Application. The three Fee Periods (following the first Fee Period) and the deadlines for filing, or objecting to an Interim Fee Application for each such Fee Period are as follows:

| Fee Period | Deadline to File Interim Fee Application | Deadline to File Objection to Interim Fee Application |
|---|---|---|
| February 1 – May 31 | June 30 | July 25 |
| June 1 – September 30 | October 31 | November 25 |
| October 1 – January 31 | February 28 | March 25 |

(j) If a Professional fails to file and serve an Interim Fee Application timely, then said Professional may incorporate said fees into the next Interim Fee Application, but the Professional may not receive payment on any intervening Monthly Statements until the next Interim Fee Application is filed;

(k) Each Professional's Monthly Statement and Interim Fee Application shall be divided into discrete service categories in conformity with Appendix D to the Local Bankruptcy Rules for the District of Maryland or as otherwise agreed upon by the United States Trustee and the Professional;

(l) Each Monthly Statement and Interim Fee Application shall be accompanied by a summary sheet substantially in the form of Local Form CCP-6 (attached as **Exhibit B** to the Motion);

(m) To the extent that any deadline set forth herein would fall on a Saturday, Sunday or "legal holiday," as that term is defined by Federal Bankruptcy Rule 9006, such deadline shall be extended to the next day that is not a Saturday, Sunday or legal holiday;

(n) If a Professional's application to be employed is pending but has not yet been granted by the Court, said Professional shall nonetheless timely submit all Monthly Statements and Interim Fee Applications during such pendency; however, all payments under said Monthly Statements and Interim Fee

Applications shall be held back by the Debtor pending approval by the Court of the employment of said Professional;

(o) Upon the agreement of a Professional and an objecting party, a deadline for objecting to a Monthly Statement or an Interim Fee Application may be extended with respect to such Professional without further Order of the Court, provided that notice of such agreement is served on the other Reviewing Parties and, in the case of an objection to an Interim Fee Application, filed with the Court on or before the deadline. Except as otherwise set forth herein, the terms and provisions provided herein may only be modified or amended by Order of the Court;

(p) Where the Debtor's Professionals utilize the services of a third party copy service to reproduce and/or serve pleadings or other papers in this proceedings, the Debtor may directly pay (in advance or upon invoice) said third parties for said services, including among other things, any associated postage, overnight delivery or other charges, and thereafter report said expense on the Debtor's monthly reports. Alternatively, said third party copy service charges may be paid by the Debtor's Professionals and included for reimbursement in their next Monthly Statement or Interim Fee Application.

3. All monthly Fees and Expenses paid pursuant to this Order shall be subject to the provisions of Sections 330 and 331 of the Bankruptcy Code. Further, such monthly Fees and Expenses are reviewable and subject to revision before and at the end of the case in accordance with Section 330 of the Bankruptcy Code. In any proceedings conducted under Section 330, nothing contained in this Order shall be deemed to change the burden of proof under applicable law. The United States Trustee, the Debtor, the Committee, and other parties in interest may object to the final allowance under Section 330 of all or any part of the amounts requested, including those amounts already awarded and those amounts subject to holdback.

4. Notwithstanding Bankruptcy Rule 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6

cc: Gary H. Leibowitz
Irving E. Walker
H.C. Jones III
Cole Schotz P.C.
300 East Lombard Street, Suite 1111
Baltimore, MD 21202

Gerard R. Vetter, Assistant United States Trustee
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

MCDJR-TESSE, LLC
c/o Richard L. Costella, Esq.
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202

PMCDTESSE, LLC
c/o Richard L. Costella, Esq.
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202

**END OF ORDER**