## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| TESSEMAE'S LLC | * | Case No: 23-10675-NVA |
| | | (Chapter 11) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### REPLY TO OPPOSITION TO MOTION SEEKING EXTENSION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a)

Gregory and Genevieve Vetter, parties-in-interest in the above-captioned case (the "Vetters" or "Plaintiffs"), by counsel, pursuant to Fed.R.Bankr.P. 7001 and 11 U.S.C. §§ 362(a), file this reply in support of their Motion Seeking Extension of the Automatic Stay Under 11 U.S.C. §362(a) (the "Motion") to extend the scope of the automatic stay to Gregory and Genevieve Vetter personally, and in support thereof state as follows:

1. Gregory and Genevieve Vetter, husband and wife, are each an owner of the debtor Tessemae's LLC (the "Debtor")[1]. They filed the Motion [Dkt. 213] seeking to extend the automatic stay with respect to guarantor obligations relating to the Debtor's debt owed to Democracy, and Democracy filed a Response in Opposition (the "Opposition") [Dkt. 219] thereto. The Vetters seek only a very narrow extension of the stay in that (1) they do not seek any stay against the litigation of Democracy's claim against the Debtor, which was already decided by this Court in its ruling on Democracy's prior motion to lift the automatic stay against the Debtor, and (2) they do not seek extension of the stay as against any other creditors[2]. Rather, the Motion seeks only an extension of the automatic stay as it relates to Democracy's collection efforts against the Vetters.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] Nevertheless, the Vetters reserve the right to seek an extension if and when the circumstances may render it necessary and/or appropriate.

2. Democracy asserts in the Opposition that there are fundamentally two reasons why the Motion should not be granted. Both reasons lack accurate factual assertions to support them.

*Unusual Circumstances Exist and the Vetters are Entitled to Indemnification by the Debtor*

3. First, Democracy argues that there do not exist "unusual circumstances" to extend the automatic stay to the Vetters, as required by *A.H. Robins Co. v. Piccinin*, 959 F.2d 1194, 999-100 (3d Cir. 1991). Opposition, ¶15-18. Democracy impliedly acknowledges that the existence of indemnity obligations by a debtor is a valid justification for the extension of the automatic stay, which constitute unusual circumstances. Id., ¶17-18.

4. Democracy dismisses the indemnification obligations of the Debtor by trying to characterize those obligations as applying only to officers and managers of the Debtor in their capacity as such. Id., ¶17. However, a close reading of the Operating Agreement reveals that this argument is made out of whole cloth. The provision clearly extends the indemnification by the Debtor to "reasonable fees, costs, and expenses, including legal fees, paid in connection with or resulting from ***any*** claim, action or demand against [the Vetters, or any Member]…**that arise out of or in any way relate to the Company**, the Company's properties, business or affairs, and (b) such claims, actions and demands and any losses or damages resulting from such claims, actions and demands, including amounts paid in settlement or compromise of any such demand [other than misconduct or gross negligence]." There is nothing that limits this provision to damages incurred in a member's capacity as a manager or officer, as Democracy suggests.

5. Democracy also asserts that Mrs. Vetter is not entitled to indemnification, but as a Member of the Debtor, she is included as an indemnified party under the Operating Agreement.

6. The collateral argument that the Vetters both waived their right to indemnification *vis a vis* their Guaranty is also flatly wrong. The Guaranty contains language providing a limited waiver of the Vetters' indemnification rights against the Debtor, not a total waiver of all indemnification rights. Section 7.5 of the Guaranty limits waivers of this type to "until such time as the provisions of [the] Guaranty are no longer in effect…" Guaranty, §7.5. Because the

Vetter's indemnification will arise if Democracy collects any liquidated judgment from them, or if the Debtor pays Democracy's allowed claim in full, then it is likely that Democracy will be paid in full and will cease to have any claim against the Debtor. At that time, the provisions of the Vetters' Guaranty will "no longer be in effect;" and consequently, the Vetters' indemnification claim against the Debtor is no longer waived. The rational for extending the automatic stay where there is an indemnification exists in this case in accordance with the *Robbins* holding.

7. Finally, Democracy suggests that unusual circumstances can exist only if a non-debtor is contributing financial resources to the debtor's reorganization. <u>Opposition</u>, ¶18. This is simply not the law in the Fourth Circuit, and misstates *Robbins*. The applicable considerations are properly cited in the Vetters' Motion, instead. <u>Motion</u>, pp 4-7.

*<u>The Vetters' Request is Narrowly-Tailored and Does Not Seek Extension of the Stay as to Liquidation of Democracy's Claims</u>*

8. The remainder of Democracy's Opposition makes the argument that there is no danger of having conflicting judgments if the Court denies the Vetters' Motion.

9. The Vetters acknowledge this point and do not, in fact, ask that the Court extend the automatic stay for the purpose of prohibiting the State Court from liquidating Democracy's claim(s) against Democracy or the Vetters. To the contrary, the Vetters have multiple valid defenses against Democracy's action, including but not limited to Democracy's exercise of bad faith and unfair dealing, and its acknowledgment that the Vetters' guaranty obligations were satisfied and extinguished. The Vetters are confident that their defenses will prevail as to establishment and liquidation of the claims against them.

10. Instead, the Vetters' Motion seeks only that the automatic stay be extended to prohibit Democracy's collection of any judgment against them, pending the Debtor's bankruptcy proceeding. Democracy completely ignores the valuable resources and non-monetary contributions the Vetters are making to the Debtor and its reorganization efforts, and focus solely

on the fact that there is currently no contribution of capital or funds to the Debtor's case. Again, this is not the only basis for finding unusual circumstances under prevailing Fourth Circuit law.

11. The Vetters rely on the assertions regarding their contributions to the Debtor and its reorganization process, as described in the Motion on pages 7, as well as the cases supported in support of their contention that enjoining actions against a debtor's officers and principals is permissible even where there is no monetary contribution proposed.

*There is No Material Prejudice to Democracy*

12. Democracy all but ignores the Vetters' argument that the narrow relief they seek will not prejudice Democracy. Other than saying it has been prejudiced by the mere passage of time, Democracy offers no evidence that it will be delayed by a stay against collection of any judgment against the Vetters. To the contrary, Democracy will enjoy enhanced rights as potentially the largest secured creditor in the Debtor's case, which will entitle Democracy to certain plan provisions and enhanced rights regarding any proposed sale of the Debtor's property. Democracy does not suffer any diminution in its ability to establish or collect its claim if this Court grants a limited extension of the stay.

13. Furthermore, the Court could include in an order granting the Motion a provision allowing Democracy to seek reconsideration of the Order to the extent there is a change in circumstances as the Debtor proceeds through plan confirmation.

14. For these reasons, the limited request for extension of the automatic stay is appropriate and warranted, and the Vetters renew their request as is more fully set forth in the Motion.

*/s/ Catherine Keller Hopkin*
Catherine Keller Hopkin, 28257
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401
(443) 569-0788
chopkin@yvslaw.com
*Counsel for Gregory and Genevieve Vetter*

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September 2023, notice of filing the Reply to Opposition in Response to Motion Seeking Extension of the Automatic Stay under 11 U.S.C. §§ 362(a) (the "Motion") was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list; and a copy of the Motion was mailed first class, postage prepaid to the parties on the attached service list.

                                           */s/ Catherine Keller Hopkin*
                                           Catherine Keller Hopkin

**The following parties received a
copy of the filing by first class mail:**

Tessemae's LLC
714 South Wolfe Street
P. O Box 38438
Baltimore, Maryalnd  21231-7522

Aurora Management Partners Inc.
112 South Tyron St.
Ste 1770
Charlotte, NC 28284

B. Riley Securities, Inc.
11100 Santa Monica Blvd., Suite 800
Los Angeles, CA 90025

**The following parties received
CM/ECF notice of the filing:**

Monique D. Almy, Esquire
(malmy@crowell.com)
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C.  20004-2595

Alison D. Bauer, Esquire
(abauer@foleyhoag.com)
Counsel for Sunrise Foods International
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, New York  10019

Hugh M. Bernstein, Esquire
hugh.m.bernstein@usdoj.gov ()
Office of U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Richard L. Costella, Esquire
(rcostella@tydings.com)
Counsel for MCDJRTESSE, LLC and
PMCDTESSE, LLC
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Sudipta Das, Esquire
(sdas@gfrlaw.com)
Counsel for Clearview Consulting, Inc.
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland  21202

Mark Dimenna, Esquire
(mark.dimenna@offitkurman.com)
Counsel for D emocracy Capital Corp.
Offit Kurman
300 East Lombard Street, Suite 2100
Baltimore, Maryland  21020

U.S. Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

Robert A. Gaumont, Esquire
(rgaumont@gfrlaw.com)
Counsel for Clearview Consulting, Inc.
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland  21201

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Counsel for Gregory Vetter
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

Harry Conrad Jones, III, Esquire
(hjones@coleschotz.com)
Counsel for Debtor
Cole Schotz P.C.
300 East Lombard Street, Suite 1450
Baltimore, Maryland  21202

Lawrence A. Katz, Esquire
(lkatz@hirschlerlaw.com)
Counsel for Michael McDevitt
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, Virginia  22102

Michael J. Klima, Jr., Esquire
(bankruptcy@peroutkalaw.com)
Counsel for Ally Bank
Peroutka, Miller, Klima & Peters, P.A.
8028 Ritchie Highway, Suite 300
Pasadena, Maryland  21122

C. Kevin Kobbe, Esquire
(kevin.kobbe@us.dlapiper.com)
Counsel for Jupiter Fund LLC
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209-3600

Joyce A. Kuhns, Esquire
(jkuhns@offitkurman.com)
Counsel for Democracy Capital
Corporation
Offit Kurman, P.A.
300 East Lombard Street, 20th Floor
Baltimore, Maryland  21202

Craig B. Leavers, Esquire
(craig@leaverslaw.com)
Counsel for HEK, LLC
The Law Office of Craig B. Leavers, LLC
P. O. Box 306
Cockeysville, Maryland  21030

Gary H. Leibowitz, Esquire
(gleibowitz@coleschotz.com)
Counsel for Debtor
Cole Schotz P.C.
300 East Lombard Street, Suite 1111
Baltimore, Maryland  21202

Kimberly A. Manuelides, Esquire
(kmanuelides@sagallaw.com)
Counsel for Yellow Brick Road III LLC
Sagal, Filbert, Quasney, & Betten, P.A.
600 Washington Avenue, Suite 300
Towson, Maryland  21204

Bryan Mull, Esquire
(bmull@gfrlaw.com)
Counsel for Clearview Consulting, Inc.
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland  21202

| | | |
|---|---|---|
| John Michael Pardoe, Esquire<br>(mpardoe@coleschotz.com)<br>Counsel for Debtor<br>Cole Schotz P.C.<br>300 East Lombard Street, Suite 1111<br>Baltimore, Maryland 21202 | Jiun Wen Teoh, Esquire<br>(jteoh@foleyhoag.com)<br>Counsel for Sunrise Foods International<br>Foley Hoag<br>1301 Avenue of the Americas<br>New York, New York 10019 | Irving Edward Walker, Esquire<br>(iwalker@coleschotz.com)<br>Counsel for Debtor<br>Cole Schotz P.C.<br>300 East Lombard Street, Suite 1111<br>Baltimore, Maryland 21202 |