Entered: January 23rd, 2024
Signed: January 23rd, 2024
**SO ORDERED**



Nancy V. Alquist
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | (Chapter 11) |
| Tessemae's LLC,[1] | Case No. 23-10675 (NVA) |
| Debtor. | |

**AGREED ORDER (I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS TO PANOS BRANDS, LLC FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the Motion of the Debtor and Debtor-in-Possession for an Order (I) Approving the Sale of Substantially All of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Authorizing Assumption and Assignment of Executory Contracts; and (III) Granting Related Relief [Doc. No. 254] (the "Sale Motion") filed on December 21, 2023; and this Court having considered any objections filed to the Sale Motion including the Limited Objection and Reservation of Rights to Sale Motion filed by Democracy Capital

---

[1] The Debtor in this chapter 11 case and the last four digits of its federal tax identification are Tessemae's LLC (2871). The Debtor's principal address is 714 South Wolfe Street, P.O. Box No. 38438, Baltimore, Maryland 21231.

65577/0002-46870170v5

Corporation ("DCC") [Doc. No. 264]; and this Court having determined that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; adequate notice having been given and a Sale Hearing having been held on January 18, 2024 (the "Sale Hearing"); the Court having considered the testimony, documentary evidence, offers of proof, stipulations of the parties, and the arguments of counsel; good cause otherwise having been shown for the relief requested;

NOW, upon the Sale Motion, the exhibits annexed thereto, the evidence presented at the Sale Hearing and the arguments of counsel advanced at the Sale Hearing, and all prior pleadings and proceedings made herein,

**IT IS FOUND AND DETERMINED THAT:**

A. This Court, pursuant to 28 U.S.C. § 1334, has jurisdiction over all assets of the Debtor and its chapter 11 estate. The Sale Motion is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue of the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. On February 1, 2023 (the "Petition Date"), the Debtor commenced this case by filing a voluntary chapter 11 petition in the United States Bankruptcy Court for the District of Maryland. Since the Petition Date, the Debtor has continued in possession and management of its business and properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

D.  The PANOS APA, a copy of which is attached as **Exhibit A** to this Order (the "PANOS APA"), executed by the Debtor and PANOS Brands, LLC or its designee ("PANOS") following the Auction conducted on December 18, 2023, was offered in good faith, from arm's-length bargaining positions without collusion or fraud, by the parties.

E.  Subsequent to the commencement of the bankruptcy case, the Debtor and its advisors diligently and in good faith marketed the Purchased Assets[2] to secure the highest and best offer therefor. The total consideration provided for in the PANOS APA and the transactions contemplated thereby, represents a fair and reasonable purchase price, and constitutes (a) the highest and best offer obtainable for the Purchased Assets and (b) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act.

F.  The Debtor has demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code prior to, and outside of, a plan of reorganization.

G.  The PANOS APA and the closing thereon will provide a greater recovery for the Debtor's estate and its creditors than would be provided by any other presently available alternative.

H.  A valid business purpose exists for approval of the PANOS APA and the transactions contemplated by the Sale Motion pursuant to sections 105 and 363(b), (f), and (m) of the Bankruptcy Code. The Debtor may sell, transfer and assign the Purchased Assets free and clear of Encumbrances (as defined below) in accordance with sections 105 and 363 of the Bankruptcy Code. As a condition to purchasing the Purchased Assets, PANOS requires that: (a) the Purchased

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the PANOS APA.

65577/0002-46870170v5

Assets be sold free and clear of Encumbrances; and (b) PANOS shall have no liability for any obligations of or claims against the Debtor.

I.  With respect to any and all persons or entities asserting any and all liens, security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in section 101(5) of the Bankruptcy Code), causes of action and claims, to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (each, an "Encumbrance"), on the Purchased Assets, (i) applicable non-bankruptcy law permits sale of such property free and clear of such Encumbrance; (ii) such person or entity has consented to the sale, free and clear of its Encumbrance, with such Encumbrance to attach to the proceeds of such sale; (iii) such Encumbrance is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (iv) such Encumbrance is in bona fide dispute, including but not limited to DCC's alleged liens which attach to the proceeds of the sale pending further order of the Court; and/or (v) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such Encumbrance; so that the conditions of section 363(f) of the Bankruptcy Code have been satisfied. Those holders of Encumbrances who did not object or who withdrew their objections to the Sale Motion are deemed to have consented to the Sale Motion pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object fall within one or more of the subsections of section 363(f) of the Bankruptcy Code.

65577/0002-46870170v5

J.      As set forth in the Final Order (I) Authorizing and Approving Postpetition Secured Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, and (III) Authorizing Use of Cash Collateral (the "DIP Order"), TESSE DIP FUND I, LLC (the "DIP Lender") asserts a lien upon the Debtor's Collateral (as that term is defined in the Cash Collateral Order) to secure a claim in the aggregate principal amount not less than $650,000. The proceeds of sale of the Purchased Assets are sufficient to satisfy the claim of the DIP Lender. The DIP Lender has consented to the relief requested in the Sale Motion.

K.      Any defaults (other than defaults of the type specified in section 365(b)(2) of the Bankruptcy Code) under the Assumed Contracts (as defined in the Sale Motion) will be cured by PANOS or the Debtor at or prior to Closing, as a result of which all defaults necessary to be cured will have been cured, and adequate assurance of PANOS's future performance under said Assumed Contracts has been provided within the meaning of sections 365(b) and (f)(2)(B) of the Bankruptcy Code.

L.      The Debtor has demonstrated that it is an exercise of its sound business judgment to assume and assign the Assumed Contracts to PANOS and that the assumption and assignment of the Assumed Contracts is in the best interest of the Debtor and its chapter 11 estate.

M.      The assumption and immediate assignment of the Assumed Contracts to PANOS is subject to all the provisions of the PANOS APA. Each and every provision of the Assumed Contracts or applicable non-bankruptcy law that purport to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning, assignment of any of the Assumed Contracts have been satisfied or are otherwise unenforceable under section 365 of the Bankruptcy Code.

N. Under all the circumstances presented, (i) all actions contemplated in the PANOS APA; (ii) consummation of all acts contemplated in this Order; (iii) the transfer of the Purchased Assets by the Debtor to PANOS; (iv) the assumption and immediate assignment to PANOS of the Assumed Contracts; and (v) the receipt by the Debtor of the Purchase Price are in the best interests of the Debtor and its estate, creditors, and interest holders.

O. The Debtor has articulated sound business reasons for performing the PANOS APA and selling the Purchased Assets. The sale is a reasonable exercise of the Debtor's business judgment.

P. The transfer of the Purchased Assets to PANOS is or will be a legal, valid and effective transfer of the Purchased Assets, and will vest in PANOS with all right, title and interest in and to the Purchased Assets, free and clear of Encumbrances. For the sake of clarity, the Debtor and its members, officers, employees, and agents shall have no further ownership rights to the recipes, formulations, and intellectual property after the closing of the sale.

Q. The provisions of sections 363 and 365 of the Bankruptcy Code have been complied with as they are applicable to the transfer of the Purchased Assets and the assumption and assignment of the Assumed Contracts by the Debtor to PANOS.

R. As evidenced by the certifications of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing: (i) proper, timely, adequate, and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, 9007, and 9014; (ii) such notice was good and sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale Motion, the Sale Hearing or the entry of this Order shall be required.

S.	A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Purchased Assets, has been afforded to all interested parties and entities.

T.	The closing and the consummation of the transactions contemplated by the PANOS APA shall not subject PANOS to any liability with respect to the Debtor's operations prior to closing. Upon closing, PANOS shall not be deemed to have assumed any liabilities of the Debtor unless expressly provided in the PANOS APA. PANOS's acquisition of the Purchased Assets shall be free and clear of all Encumbrances.

U.	Neither the Debtor nor PANOS has engaged in any conduct that would cause or permit the PANOS APA or the transactions contemplated thereby to be avoided or avoidable, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.  PANOS is not an "insider" or "affiliate" of the Debtor (as such terms are defined in the Bankruptcy Code).

V.	PANOS has acted in good faith in this matter, and is a good faith purchaser as that term is used in the Bankruptcy Code, and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code.  The Back-Up Bidder also has acted in good faith in this matter and, if PANOS were to fail to close and the Back-Up Bidder were to close, the Back-Up Bidder would be a good faith purchaser entitled to the protections set forth in section 363(m) of the Bankruptcy Code.

W.	By consummating the Sale pursuant to the PANOS APA, PANOS is not a mere continuation of the Debtor or the Debtor's estate, and there is no continuity of enterprise or otherwise or common identity between PANOS and Debtor.  PANOS is not a successor to Debtor or Debtor's estate by reason of any theory of law or at equity, and the sale does not amount to a consolidation, merger, or *de facto* merger of PANOS and the Debtor or the Debtor's estate.  Neither

7

PANOS nor any of its affiliates or their respective successors, assigns, members, managers, partners, principals, or shareholders (or the equivalent thereof) shall assume or in any way be responsible for any obligation or liability of Debtor or any affiliate of Debtor or Debtor's estate, except as expressly provided in the PANOS APA.  The sale and transfer of the Purchased Assets to PANOS, including the assumption by the Debtor and the assignment to PANOS of the Assumed Contracts will not subject PANOS to any liability with respect to the operation of the Debtor's business prior to Closing or by reason of such transfer, except for the Assumed Liabilities.  Neither the transfer of the Purchased Assets nor the assignment of the Assumed Contracts pursuant to the PANOS APA will subject PANOS, its affiliates, or any of its members to any liability (except those expressly contained in this Order or assumed by PANOS pursuant to the PANOS APA (the "<u>Assumed Liabilities</u>")) for claims against the Debtor or the Debtor's predecessors or affiliates of any kind or character, whether known or unknown, now existing or hereafter occurring, whether fixed or contingent, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor, vicarious or transferee liability

   X. Time is of the essence in consummating the Sale because the provisions of the Final Agreement for Post-Petition Financing (the "<u>DIP Credit Agreement</u>") required that TESSE DIP FUND I, LLC be paid on or before September 30, 2023.  In addition, the PANOS APA requires closing within 5 business days of the entry of the Sale Order.  The Court finds that there is cause to waive and/or vacate the stay imposed by Rule 6004(h) of the Bankruptcy Rules, and such stay is hereby vacated and shall have no application to the relief afforded by this Order.

   Y. Neither the proposed sale nor the PANOS APA impermissibly restructures the rights of any of the Debtor's creditors or impermissibly dictates the terms of a liquidating plan of reorganization of the Debtor.  Neither the sale nor the PANOS APA constitutes a *sub rosa* or *de*

8

*facto* plan of reorganization or liquidation, as neither proposes to (i) impair or restructure any existing debt of, or equity interests in, the Debtor; (ii) impair or circumvent voting rights with respect to any plan proposed by the Debtor; (iii) circumvent chapter 11 safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests or extend debt maturities.

**IT IS HEREBY ORDERED THAT, ADJUDGED, AND DECREED THAT:**

1. The Sale Motion is hereby GRANTED in all respects. All objections with regard to the relief sought in the Sale Motion that have not been withdrawn, waived, or settled are hereby overruled on the merits. The PANOS APA, an executed copy of which was filed with the Court, is approved in all respects.

2. The Court approves the sale, transfer, and assignment of the Purchased Assets upon the terms and conditions set forth in the PANOS APA pursuant to section 363 of the Bankruptcy Code, free and clear of Encumbrances. Any and all Encumbrances, including, but not limited to the alleged lien of DCC, shall attach to the Purchase Price at closing with the same validity, priority, and extent as existed prior to the closing. This Order does not determine the extent or validity of any claims against the Debtor, nor does it modify, supersede or otherwise affect the Cash Collateral Order. The net proceeds of the sale shall be held in reserve and shall not be distributed to any creditor absent entry of an Order by this Court.

3. The sale of the Purchased Assets is "as is, where is," without representation or warranty except as expressly provided in the PANOS APA.

4. The Court authorizes the assumption by the Debtor and assignment to PANOS of the unexpired Assumed Contracts pursuant to 11 U.S.C. §365. No cure amounts shall be due in connection with such assumption and assignment.

65577/0002-46870170v5

5. The Debtor is hereby authorized, empowered, and directed, and, upon entry of this Order, has all the power and authority necessary to:

    a. Fully perform under, consummate, implement, execute, and deliver the PANOS APA and all other documents contemplated thereby, to consummate the transactions contemplated by the PANOS APA, and to take all other actions required to be taken pursuant to the PANOS APA;

    b. Transfer the Purchased Assets to PANOS and to execute and deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Purchased Assets to PANOS;

    c. Assume and assign the unexpired Assumed Contracts effective upon the Closing and upon the terms and conditions set forth in the PANOS APA;

    d. Receive the consideration described in the PANOS APA from PANOS; and

    e. Fully perform and take all action necessary to effectuate the PANOS APA, the transactions contemplated thereby, and the obligations contemplated by this Order.

6. No other or further consents or approvals of this Court are required for the Debtor to consummate or effectuate (i) the PANOS APA, (ii) the transfer of the Purchased Assets, (iii) the assumption and assignment of the Assumed Contracts; and (iv) the receipt of consideration from PANOS.

7. All parties and/or entities asserting Encumbrances and contract rights against the Debtor and/or any of the Purchased Assets are hereby permanently enjoined and precluded from, with respect to such Encumbrances: (i) asserting, commencing or continuing in any manner any action against PANOS or against PANOS's assets or properties, including without limitation

against the Purchased Assets; (ii) the enforcement, attachment, collection or recovery, by any manner or means, of any judgment, award, decree or order against PANOS or any properties or assets of PANOS; (iii) creating, perfecting or enforcing any Encumbrance of any kind against PANOS or any properties or assets of PANOS, including without limitation the Purchased Assets; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due PANOS; and (v) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Order or the PANOS APA.

8. Within two (2) business days prior to the closing, the DIP Lender shall provide the Debtor with a payoff letter identifying the amount it asserts to be owed, including any applicable per diem charge. The Debtor is authorized to wire proceeds of the sale to the DIP Lender from the closing in an amount sufficient to pay off the accrued but unpaid interest, if any, under the DIP Credit Agreement (as defined in the Cash Collateral Order), but not the principal until further Order of the Court.

9. The consummation of the PANOS APA shall not, except to the extent specifically provided therein, subject PANOS to any liability whatsoever with respect to the Debtor's prepetition or postpetition operations in any form or manner including, without limitation, by reason of any theory of successor or transferee liability, *de facto* merger, or substantial continuity, whether known or unknown and whether asserted or unasserted as of the closing.

10. If any person or entity that has filed a financing statement or other documents or agreements evidencing or asserting an Encumbrance on the Purchased Assets shall not have delivered, in proper form for filing, termination statements, instruments of satisfaction, releases, and other documents to the Debtor prior to the closing, then the Debtor shall be and hereby is authorized upon closing of the PANOS APA to execute such termination statements, instruments

11

of satisfaction, releases, and other documents on behalf of the person or entity and to file the same with any appropriate registry or public filing office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Encumbrances shall be self-executing, and notwithstanding the failure of PANOS, the Debtor, or any other party to execute, file, or obtain releases, termination statements, assignment consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the PANOS APA with respect to the sale of the Purchased Assets, all Encumbrances on the Purchased Assets shall be and hereby are deemed to be divested, terminated, and discharged. The Debtor and its members, officers, employees, and agents are enjoined from use or disclosure, directly or indirectly, of the Debtor's recipes, formulations, and intellectual property after the closing of the sale.

11. The Debtor is hereby authorized, empowered, and directed, and, upon entry of the Order, shall have all the authority necessary, to perform such ministerial acts as may be required to effectuate and implement the PANOS APA and any transaction contemplated thereby.

12. The Assumed Contracts shall, upon assumption and assignment to PANOS, be deemed to be valid and binding and in full force and effect and enforceable by PANOS in accordance with their respective terms. Pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved, from the date of its assignment, from any further liability with respect to the Assumed Contracts.

13. All of the transactions and actions contemplated by this Order are properly authorized under sections 363 and 365 of the Bankruptcy Code.

14. The consideration provided by PANOS for the Purchased Assets under the PANOS APA is fair and reasonable, and is the result of the extensive efforts by the Debtor and its advisors

to market the Purchased Assets to several potentially interested parties, which culminated in a Stalking Horse Bid from PANOS, an Auction, and a final winning bid from PANOS that was 300% higher than its Stalking Horse Bid at the conclusion of the Auction. The resulting PANOS APA was negotiated in good faith at arm's-length, and may not be avoided, or costs or damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code or applicable law.

15. This Court retains jurisdiction to enforce and implement the terms and provisions of the PANOS APA; to resolve any disputes arising under or related to the PANOS APA; and to interpret, implement, and enforce the provisions of this Order. Further, this Court retains jurisdiction over the parties to the PANOS APA with respect to any matters related to or arising under the PANOS APA or under this Order.

16. Based on PANOS's standing as a good faith purchaser under section 363(m) of the Bankruptcy Code, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to PANOS, unless such authorization is duly stayed pending such appeal.

17. The terms and provisions of the PANOS APA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor and its affiliates, and the successors and assigns of each of the foregoing, and any affected third parties, notwithstanding conversion or dismissal of the Debtor's bankruptcy case or any subsequent appointment of any trustee under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding.

18. The failure specifically to include or refer to any particular provision of the PANOS APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the PANOS APA be authorized and approved in its entirety.

19. The PANOS APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by the Debtor and PANOS, and in accordance with the terms of the PANOS APA, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the estate of the Debtor.

20. In the event that, for any reason, PANOS should fail to close on the sale of the Purchased Assets, the Debtor is authorized to consummate the sale contemplated by the Back-Up Bid, attached to the Sale Motion as Exhibit C, and the provisions of this Order shall apply to such sale with full force and effect.

21. A certified copy of this Order may be filed with the appropriate clerk and/or recorded to act to cancel any of the Encumbrances.

22. Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any such plan of reorganization shall conflict with or derogate from the provisions of the PANOS APA or the terms of this Order.

23. This Order is without prejudice to the rights of any party-in-interest to object to fee applications and/or requests for reimbursement under Sections 328, 329 , 330 or 331 as well as 503 of the Bankruptcy Code filed in the case with respect to the sale.

24. The provisions of this Order are non-severable and mutually dependent.

25. The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order for fourteen days are hereby waived and this Order shall be effective, and the parties may consummate the transactions contemplated by the PANOS APA, immediately upon entry.

**AGREED TO:**

/s/ *Gary H. Leibowitz*
Gary H. Leibowitz, Esq.
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, MD  21231
*Counsel for Debtor*

/s/ *Richard L. Costella*
Richard L. Costella, Esq.
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202
*Counsel for MCDJR-TESSE, LLC, PMCDTESSE, LLC*
*and TESSE DIP FUND I, LLC*

/s/ *Joyce A. Kuhns*
Joyce A. Kuhns, Esq.
Offit Kurman, P.A.
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
*Counsel for Democracy Capital Corp.*


/s/ *Kayla D. Britton*
Kayla D. Britton, Esq
Taft
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
*Counsel for Panos Brands, LLC*


**END OF ORDER**

65577/0002-46870170v5

**cc:**

Gary H. Leibowitz, Esq.
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231

Hugh Bernstein, Esq.
Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

MCDJR-TESSE, LLC
c/o Richard L. Costella, Esq.
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202

PMCDTESSE, LLC
c/o Richard L. Costella, Esq.
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202

TESSE DIP FUND I, LLC
c/o Richard L. Costella, Esq.
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, MD 21202

Democracy Capital Corporation
c/o Joyce A. Kuhns, Esq.
Offit Kurman, P.A.
1954 Greenspring Drive, Suite 605
Timonium, MD 21093

Panos Brands, LLC
c/o Kayla D. Britton, Esq
Taft
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023

16